OPINION
Plaintiff-appellant Edward Boyajian appeals the Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, filed April 11, 1997. Defendant-appellee is Michaelle Boyajian.
 STATEMENT OF THE CASE
Appellant filed a divorce complaint in November, 1995. Appellee filed an answer and counterclaim in December, 1995. Appellant and appellee reached an agreement as embodied in a separation agreement as to all issues pertaining to the action except for two: 1) the starting date for temporary child support and 2) whether appellant had any interest in certain real estate located in Mahoning County, Ohio.
The trial court heard testimony relative to the aforementioned issues on February 18, 1997. By Judgment Entry filed April 11, 1997, the trial court found appellant to be in arrears on his obligation to pay temporary child support and that the Mahoning County property was appellee's free and clear of any claim of the appellant. It is from that Judgment Entry appellant prosecutes this appeal assigning as error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE MAHONING PROPERTY WAS SEPARATE PROPERTY AND NOT MARITAL PROPERTY.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN NOT AWARDING APPELLANT A PORTION OF THE APPRECIATION ON THE MAHONING PROPERTY BASED ON THE MARITAL ASSETS IT FOUND HE INVESTED AND ERRED IN THE MANNER IN WHICH IT REFUNDED APPELLANT ONLY A PORTION OF HIS INVESTMENT INTO SAID PROPERTY. SUCH A FAILURE TO AWARD APPELLANT'S EQUITY INTEREST WAS CONTRARY TO R.C. 3105.171 AND WAS INEQUITABLE TO APPELLANT.
 STATEMENT OF THE FACTS
The parties were married on December 8, 1984. Prior to the marriage, appellee's mother owned 72 acres of real property in Mahoning County (hereinafter "the property") on which appellee's family operated a stone quarry known as Countyline Stone, Inc. Appellee was an officer of the corporation. Appellee's mother leased the property to the corporation.
In 1986, appellee's mother experienced financial problems and could not pay the personal property and real estate taxes on the property. That same year, in order to avoid a sheriff's sale, appellee's mother transferred the property to appellee via a quit-claim deed. Appellant was not named as co-owner on the title.
Following the transfer of the property to appellee, there was little, if any, use of the property as Countyline Stone, Inc. was defunct. Testimony was presented that the sole purpose of the transfer of ownership to appellee was to hold the land in trust until appellee's mother could take the land back and preserve it as an inheritance for appellee and her siblings.
With the consent of both appellant and appellee, taxes and other expenditures such as mapping and surveying expenses associated with the property were paid using the parties' joint checking account. Both parties contributed funds to the joint checking account. Income from timber sales on the property was deposited into the joint checking account. Appellee presented canceled checks in the amount of $3,355.04 to prove the parties financial contribution toward the property.
Appellant testified appellee told him once the property was sold, the parties would be refunded any expenditures they advanced out of the sale proceeds. Appellee also told appellant they would receive one-third of the remaining sale proceeds if the parties were still married at the time the property was sold. Appellee further agreed that the proceeds were to be considered marital assets.
 I
Herein, appellant argues the trial court erred in finding the property was the separate property of appellee. Appellant contends because the parties jointly contributed funds to pay the taxes on the property and because appellee admitted she intended appellant to share in the proceeds from the sale of the property if they remained married, the property became marital property.
R.C. 3105.171 defines "separate property" for purposes of dividing separate and marital property upon divorce, in pertinent part as follows:
 (A) (6) (a), "Separate Property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
* * *
 (vii) Any gift of real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse.
In addition, R.C. 3105.171(A)(6)(b) states:
 The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable.
Upon our review of the record and based upon the facts notedsupra, we find the trial court's judgment that the property was appellee's separate property was supported by competent, credible evidence and; therefore, such finding is not against the manifest weight of the evidence. C. E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279. There was sufficient evidence that despite the parties' joint contribution of funds towards the property, such contribution did not serve to destroy the property's identity as separate property where, as here, the separate property remained traceable. Accordingly, we overrule this assignment of error.
 II
Herein, appellant contends the trial court erred in not awarding some portion of the equity in the property to him, and more specifically, appreciation of the property.
We first note the trial court recognized appellant's payments of the taxes, and mapping and surveying expenses were made from marital property. The trial court recognized appellant's equitable interest therein by awarding him one-half of the amount of the contributions the parties made from their joint checking account.[1]
At oral argument in this appeal, appellant conceded no evidence was presented as to the value of the property at the time of its transfer to appellee, nor was evidence presented as to the property's value at the time of the final hearing. Accordingly, there is no evidence in the record as to any amount of appreciation, if indeed the property appreciated in value at all. The trial court cannot be faulted for failing to award appellant an equitable interest in appreciation when there is no evidence the property appreciated in value. We find the trial court did not abuse its discretion in its division of the property. Cherryv. Cherry (1981), 66 Ohio St.2d 358. Accordingly, appellant's second assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed.
By: Hoffman, J., Farmer, P.J. and Reader, J. concur.
 JUDGMENT ENTRY
CASE NO. 97CA0092
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Family Court Division, is affirmed. Cost assessed to appellant.
[1] This amount was offset by the trial court's termination of appellant's arrearage on the temporary child support order. That determination has not been separately appealed by the appellant.