348

Cherry, Appellee, *v.* Cherry, Appellant.
Marisay, Appellee, *v.* Marisay, Appellant.
Vance, Appellee, *v.* Vance, Appellant.
Woods, Appellant, *v.* Woods, Appellee.

(Nos. 80-691, 80-1107, 80-1282 and 80-1435—Decided
June 10, 1981.)

*Ms. Joyce E. Barrett,* for appellee in case No. 80-691.

*Messrs. Hahn, Loeser, Freedheim, Dean & Wellman, Mr. James B. Davis, Mr. Stephen J. Knerly, Jr.,* and *Mr. James H. Hewitt, III,* for appellant in case No. 80-691.

*Max Britz Co., L.P.A.,* and *Mr. Gene W. Krick,* for appellee in case No. 80-1107.

*Messrs. Lydy, Moan & Douglas* and *Mr. R. Jeffrey Lydy,* for appellant in case No. 80-1107.

*Frase & Weir Co., L.P.A.,* and *Mr. Eugene R. Weir,* for appellee in case No. 80-1282.

*Mr. Michael J. Finney,* for appellant in case No. 80-1282.

*Mr. Frederick J. Buckley,* for appellant in case No. 80-1435.

*Huffer & Huffer Co., L.P.A.,* and *Mr. Robert H. Huffer,* for appellee in case No. 80-1435.

PAUL W. BROWN, J. The issue before this court in *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399, was whether a court of common pleas had power to modify the terms of a decree of divorce previously issued by it, which relate to an allowance of "alimony." Before addressing the issue, this court reexamined the basis and method upon which alimony is awarded in Ohio. In its reexamination the court pointed out that "alimony" is composed of two separate elements—alimony which constitutes a division of the marital assets and liabilities, and alimony consisting of periodic payments for sustenance and support. In discussing the property division aspect of alimony,

this court stated, that, a "court must approach the proceeding much like a suit in partition or an action to dissolve, windup and distribute the assets and liabilities of a partnership." *Wolfe, supra,* at 413. Unfortunately, this language has engendered some confusion among the courts and practicing bar. The language has been cited variously as mandating a substantially equal property division, as creating a rebuttable presumption in favor of equal division, and as being dictum without precedential value.

In each of the four causes consolidated herein, the trial court ordered an unequal property division; that is, a property division in which one party was awarded more than 50 percent of the assets and the other party less than 50 percent. In each case, the party who received less appealed, contending, in essence, that, under the "partnership" language in *Wolfe, supra,* the trial court abused its discretion in making the property division. In three of the cases—*Cherry, Marisay,* and *Woods*—the Courts of Appeals held that the unequal division was not an abuse of discretion.[1] In *Vance,* the Court of Appeals, because of its belief that *Wolfe* mandated substantially equal property divisions, modified the property division so that it was substantially equal.

The issue these cases present, therefore, is whether the "partnership" language in *Wolfe* mandates a substantially equal property division. We hold that *Wolfe* does not mandate an equal property division, and that the mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion.

## I.

The "partnership" language in *Wolfe* must be read in context. Immediately prior to this language this court quotes from two Supreme Court opinions. This court quotes language in *Weidman* v. *Weidman* (1897), 57 Ohio St. 101, 104, stating that: "The property of the husband is usually the result of the joint efforts of both husband and wife, and upon dissolution of the marriage she is entitled to her *equitable* share of the prop-

---

[1] The modifications made by the Court of Appeals in *Woods* and the remand on the issue of attorney fees in *Cherry* did not affect the Courts of Appeals' ultimate holdings that the trial courts had not abused their discretion in ordering unequal property divisions.

erty as alimony. *The amount of the equitable interest in the property can only be ascertained by a court upon a full hearing of all the facts and surroundings concerning the parties.* Her equitable interest in such property is so connected and interwoven with the marriage relation, that it can be best ascertained and separated in the same action in which the marriage contract is severed by divorce." (Emphasis added.) The court also quotes language in *State, ex rel. Cook,* v. *Cook* (1902), 66 Ohio St. 566, 573, to the effect that a wife is entitled to a "just and equitable" portion of the accumulations made during marriage in a share "fixed by the court in its discretion."

Immediately following the "partnership" language the court points out that "[t]he courts of this state have always derived the power to award 'alimony' from the statutory law." *Wolfe,* at 414. The court, further, points to R. C. 3105.18 and its 11-factor guide. R. C. 3105.18 provides:

"(A) In a divorce, dissolution of marriage, or alimony proceedings, *the court of common pleas may allow alimony as it deems reasonable to either party.*

"The alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, *as the court deems equitable.*

"(B) In determining whether alimony is necessary, and in determining the nature, amount, and manner of payment of alimony, *the court shall consider all relevant factors,* including:

"(1) The relative earning abilities of the parties;

"(2) The ages, and the physical and emotional conditions of the parties;

"(3) The retirement benefits of the parties;

"(4) The expectancies and inheritances of the parties;

"(5) The duration of the marriage;

"(6) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;

"(7) The standard of living of the parties established during the marriage;

"(8) The relative extent of education of the parties;

"(9) The relative assets and liabilities of the parties;

"(10) The property brought to the marriage by either party;

"(11) The contribution of a spouse as homemaker.

"(C) In an action brought solely for an order for alimony under section 3105.17 of the Revised Code, any continuing order for periodic payments of money entered pursuant to this section is subject to further order of the court upon changed circumstances of either party." (Emphasis added.)

Thus, it is clear from the context in *Wolfe* that the court was not undertaking a radical change in the law; it was not laying down a flat 50-50 property division rule. Quite to the contrary, the court repeatedly emphasized the importance of leaving discretion in the trial court to determine what property division is equitable. Certainly, any such rule would restrict the trial court's exercise of discretion. Both R. C. 3105.18, which provides that the trial court may divide property as it deems equitable, and past case law require that the trial court have broad discretion in arriving at an equitable property division. Each divorce case is different, and the trial court must be free to consider all the relevant factors. Equitable need not mean equal.

In using the partnership analogy, this court in *Wolfe* did not intend to create a presumption, rebuttable or irrebuttable, that property be divided equally upon divorce; rather, a potentially equal division should be the starting point of analysis for the trial court. Marriage is a union of equals. Neither party should make a profit at the expense of the other. However, even a 50-50 property division may, in certain instances, result in one party profiting at the expense of the other. This is why it is ill-advised and impossible for any court to set down a flat rule concerning property division upon divorce. A trial court must have discretion to do what is equitable upon the facts and circumstances of each case.

Of course, a trial court's discretion, though broad, is not unlimited. A reviewing court may modify or reverse a property division, if it finds that the trial court abused its discretion in dividing the property as it did. Section 3(B), Article IV of the Ohio Constitution; App. R. 12.

R. C. 3105.18 lists 11 factors that a trial court must consider in awarding alimony. Although some of these factors are more pertinent in reaching an equitable property division, and others are more pertinent when determining the need for

sustenance and support, addressing these factors, and all other relevant factors, helps to ensure that the result reached by the court is the most equitable result possible. It is important, therefore, that a court consider these and all other relevant factors in arriving at a property division.

While a reviewing court will presume that the trial court has considered the factors listed in R. C. 3105.18 and all other relevant factors, to ensure the fullest possible review by an appellate court, a party may request that the trial judge make findings of fact and conclusions of law pursuant to Civ. R. 52. If the reviewing court has before it the trial court's findings of fact and conclusions of law, it can better determine if the trial court abused its discretion.

## II.

Having determined that the language in *Wolfe* was not meant to restrict the broad discretion of the trial court in determining an equitable property division, we will now address the four causes consolidated herein.

## A.

In case No. 80-691, the wife appealed to the Court of Appeals contending that the trial court abused its discretion by (1) failing to make a more equal property division; (2) failing to order a larger alimony award; and (3) failing to award her attorney fees. The Court of Appeals affirmed the trial court as to the property division and alimony. It reversed on the issue of attorney fees.

In reviewing the wife's allegation that the trial court abused its discretion in failing to make a more equal property division, the Court of Appeals stated that the wife's "share in the division of the marital assets falls within the 30-38% range considered acceptable by this court. *Edward C. Korner* v. *Irene Korner* (Cuyahoga Cty. Ct. App. November 18, 1976), Case No. 35267."

The Court of Appeals erred in applying such a standard of review. As previously stated in this opinion, flat rules have no place in determining a property division. This is as true for a reviewing court as it is for a trial court.

Therefore, we reverse the decision of the Court of Appeals

and remand the cause to that court so that it can apply the proper standard of review.[2]

## B.

In case No. 80-1107, the husband appealed to the Court of Appeals, asserting that the trial court abused its discretion in giving the wife a lump sum property division award of $25,000 and in ordering the husband to pay $85 a week sustenance and support alimony. The husband contended that the value of the chief marital asset, the parties' house, was due in large measure to improvements made by him after the parties had separated. He claimed that $25,000 was more than the wife's rightful share. The husband also argued that the facts did not justify requiring him to pay any support alimony. The Court of Appeals affirmed the judgment of the trial court.

The order of the trial court shows that the judge was aware of the increase in the value of the house due to the improvements made by the husband. We agree with the Court of Appeals that the property division does not manifest an abuse of discretion. We also agree that the award of support alimony appears proper here. The parties had been married for approximately 38 years and the wife was now permanently and totally disabled. In addition, the support alimony award was subject to modification. Therefore, in the event that, because of changed circumstances such as retirement, it became inequitable to require the husband to continue paying alimony in that amount, or at all, he could petition the court for modification. The judgment of the Court of Appeals, upholding the order of the trial court, is affirmed.

## C.

In case No. 80-1282 both parties appealed, asserting that the trial court abused its discretion in dividing the property as it did. Neither party requested the trial court to make findings of fact and conclusions of law. The trial court's order did not give any reasons for its property division award. It must be presumed, however, that the court addressed the factors listed in R. C. 3105.18 when making the property division.

The Court of Appeals, based on its understanding that

---

[2] The issue of attorney fees was not appealed to this court.

*Wolfe* mandated substantially equal property division, summarily altered the awards so that they would be equal. As pointed out above, the Court of Appeals' interpretation of *Wolfe* was incorrect. Because the court applied an improper standard of review, we reverse its judgment and remand the matter so that the Court of Appeals can apply the proper standard.

## D.

In case No. 80-1435, the wife appealed the property division of the trial court, claiming the court abused its discretion in failing to make a substantially equal property award and in other respects. In this case, a request was made for the trial court to make findings of facts and conclusions of law. A reading of the findings of fact discloses that the trial court considered each of the factors listed in R. C. 3105.18 in arriving at the property division.[3]

The Court of Appeals held that the trial court abused its discretion in ordering that the support alimony would terminate automatically if the wife cohabitated with a male, when the minor child reached majority, or if the wife became gainfully employed at a salary of $10,000 a year or more. The Court of Appeals correctly concluded cohabitation with a male should not result in the automatic termination of support, but rather, is only a factor properly considered in an award modification proceeding. *Wolfe, supra,* paragraph three of the syllabus. The Court of Appeals also correctly pointed out that support alimony is for the benefit of, and based on the need of, the party receiving it. It is independent of child support, and therefore the child's reaching majority should not automatically result in its termination. Also, the life style of the parties prior to divorce justified the Court of Appeals in modi-

---

[3] R. C. 3105.18(B)(4) provides that a trial court shall consider the expectancies and inheritances of the parties in determining the need for alimony. Here the trial court found that the wife was the only child of parents, both in their sixties, who were worth over $1,000,000. It is unclear how much weight the trial court gave this factor in arriving at its property division. We caution courts, however, against giving too much weight to the possibility of inheritance in making their initial property division and support alimony awards. If the expectancy is fairly certain, the trial court may properly consider it. However, if the expectancy is of a highly speculative nature, it should not be considered until the party has actually received it. At that point, a modification of a support alimony award might be in order.

fying the order so that the support alimony should be paid until the wife was earning $20,000 a year. The Court of Appeals' modification of the order to provide that the husband insure himself in the amount of $50,000 was also justified by the need for judicial expediency. Clearly, it was only an oversight on the part of the trial court when it failed to specify the amount of insurance the husband should purchase. Such an oversight did not require a remand. The modifications made by the Court of Appeals were proper and an example of good appellate review. The Court of Appeals also did not err in upholding the property division made by the trial court. In its findings of fact the trial court explained its reasons for dividing the property as it did. Mainly, the court found that the husband's wealth was due in large measure to property brought into the marriage and inherited during marriage. Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment in case No. 80-691 reversed and cause remanded.*

*Judgment in case No. 80-1107 affirmed.*

*Judgment in case No. 80-1282 reversed and cause remanded.*

*Judgment in case No. 80-1435 affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur in cases Nos. 80-691, 80-1282 and 80-1435.

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and REILLY, JJ., concur in case No. 80-1107.

REILLY, J., of the Tenth Appellate District, sitting for C. BROWN, J., in case No. 80-1107.