**In re Clifford Vincent CARCIFERO, Debtor.**

**Judith Ann CARCIFERO, Plaintiff,**

v.

**Clifford Vincent CARCIFERO, Defendant.**

**Adv. No. 1–82–0181.**
**Related Case No. 1–82–00402.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 24, 1983.

W. David Bertsche, Jr. and Steve Williams, Cincinnati, Ohio, for plaintiff (Judith Ann Carcifero).

R. Michael McEvilley, Cincinnati, Ohio, for defendant (Clifford V. Carcifero).

## DECISION

BURTON PERLMAN, Bankruptcy Judge.

This adversary proceeding arises in a related Chapter 7 case, defendant herein be-

ing debtor in the related case. Defendant's former spouse, plaintiff in this adversary proceeding, seeks declaratory relief with respect to the dischargeability of a certain debt owed by defendant to plaintiff, plaintiff contending that the debt is non-dischargeable because within the provisions of 11 U.S.C. § 523(a)(5) which bars dischargeability of certain marital debts. The matter came on for trial to the court. After hearing the testimony we reserved decision.

The facts were these. The parties were married August 28, 1965. They separated at the beginning of May 1980, and a divorce decree was entered December 29, 1980 in the Court of Common Pleas of Hamilton County, Ohio. One child was born of the marriage. He was thirteen years old at the time of the divorce decree. At the time that the parties got married, defendant was in the Coast Guard where he received training as an electrician. After leaving the Coast Guard in 1967 he was employed in electrical work for Westinghouse, and subsequently for a local Cincinnati contractor. At the time of the divorce, defendant's take home pay was $300.00 per week. (His gross at that time does not appear, but there was testimony that in June 1980 his gross pay was $612.00 per week.) During the marriage, plaintiff was not employed outside the home to any significant extent. She had various employments sporadically over the years of the marriage. At the time of their separation, plaintiff borrowed $1,000.00 to support herself. In September 1980 she secured employment, taking home $167.00 per week. She had a $10.00 raise by the time of the divorce decree.

The divorce decree provided that defendant was to pay child support at $60.00 per week. The court found that defendant had cash and cash equivalents for a total of $10,045.99. This was stated in the decree as a predicate to an order by the court that defendant pay to plaintiff the sum of $5,300.00 together with interest at the rate of 10% per annum one year after the date of the journalization of the divorce decree. Plaintiff was also given two cemetery plots. There was testimony by John Issenman, the attorney who represented defendant during the divorce proceedings, that the $5,300.00 amount was derived at a hearing by a referee who found that a total of some $10,000.00 was property accumulated during the marriage. He said that the idea was to apportion the property equally, and there was no mention of alimony. He testified that in accordance with the usual practice, defendant allowed plaintiff to take an uncontested divorce. Plaintiff had no independent resources at the time of the divorce.

What is at issue here is whether the award of $5,300.00 in the divorce decree is a non-dischargeable debt within the meaning of § 523(a)(5), because it is "for alimony to, maintenance for, or support of such spouse...". Defendant's principal argument in favor of dischargeability is that the provision of an obligation by defendant to plaintiff in the amount of $5,300.00 was by way of a property settlement or division of property and therefore not alimony. In a recent case, *In re Hill,* 26 B.R. 156, Bkrtcy., S.D.Ohio, Western Div., 1983, we said the following:

> While the parties have cast the argument before us, and it is common in these controversies to do so, as whether certain property was awarded as alimony or as property settlement, such a characterization is not particularly constructive. The reason for this approach probably lies in O.R.C. § 3105.63 where, in regard to separation agreements, the statute says that:
>
> > 'The separation agreement shall provide for a division of all property, alimony, and (custody matters).'
>
> The statute thus appears to distinguish division of property from alimony. The two terms are not, however, mutually exclusive. Under the law of Ohio the parties may, upon a divorce, agree to how they will divide up their property, and such an award of property to a spouse may be regarded as alimony. In *Cherry v. Cherry,* 66 O.St.2d 348, 20 O.O.3d 318 [421 N.E.2d 1293] (1976), the Supreme Court of Ohio in commenting upon its earlier *Wolfe* decision said the following at 66 O.St.2d 352 [421 N.E.2d 1293]:

'The issue before this court in *Wolfe v. Wolfe,* 46 Ohio St.2d 399, 75 O.O.2d 474 [350 N.E.2d 413] (1976), was whether a court of common pleas had power to modify the terms of a decree of divorce previously issued by it, which related to an allowance of "alimony." Before addressing the issue, this court reexamined the basis and method upon which alimony is awarded in Ohio. In its reexamination the court pointed out that *"alimony" is composed of two separate elements—alimony which constitutes a division of the marital assets and liabilities, and alimony consisting of periodic payments for sustenance and support.'*

The significance of the quoted observations for present purposes is to make it clear that it is not dispositive that a debt arose by way of a setting off of property to a spouse in a divorce decree. It is to other factors that we must look in order to ascertain whether the debt is for alimony, maintenance, or support.

We have defined alimony as "an allowance for support and maintenance", and as "a substitute for marital support." *In re Diers,* 7 B.R. 18 (Bkrtcy., S.D.Ohio, 1980). As in the *Hill* case, *supra,* the marriage in the case now before us had lasted for a significant period of time, fifteen years, and there was a child born of the marriage. Further, plaintiff had not regularly been employed up until the time that she and defendant separated, nor is there any indication that she had any independent resources at the time of the divorce. Indeed, the indications are to the contrary, for she was obliged to borrow some money in order to carry on at that time. These facts persuade us that the $5,300.00 amount set off to her in the divorce decree was intended to provide her a substitute for marital support.

In the light of all of the foregoing, we find the issues in favor of plaintiff and hold the debt of $5,300.00 plus 10% interest per annum as provided in the divorce decree, commencing one year after the date thereof, to be a non-dischargeable debt, and that plaintiff may have judgment in that amount.

The foregoing constitutes our findings of fact and conclusions of law.