OPINION
Plaintiff-appellant, Rita M. Brown, and defendant-appellee, Jack S. Brown, were married on July 16, 1981. Three children were the issue of the marriage, one of whom has been emancipated at all times relevant herein. Appellant filed for divorce on July 21, 1995. On December 13, 1996, the Butler County Court of Common Pleas, Domestic Relations Division, granted the divorce to each party on the ground of incompatibility. The trial court ordered a division of martial property including the marital residence, automobiles, and personal property in the residence. The parties have substantial debt which the court apportioned between the parties. Appellant asserts two assignments of error which attack the trial court's division of property as being against the weight of the evidence and an abuse of discretion.
Assignment of Error No. 1
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF/APPELLANT IN THE DIVISION OF MOTOR VEHICLES.
Assignment of Error No. 2
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF/APPELLANT BY ORDERING THE MARITAL RESIDENCE SOLD AND IN THE DIVISION OF THE EQUITY.
Since each assignment of error concerns the trial court's discretion regarding the division of property, they will be discussed together.
Based on the evidence, the trial court made the following distribution of the marital assets:
 Appellant $ 7,500.00 Reimbursement for residence expenses/mortgage $ 11,092.00 1/2 of estimated equity in home after sale $ 3,000.00 Reimbursement from 1989 Chevrolet $ -7,667.00 Expenses for house/mortgage $ -3,000.00 Deficiency balance of 1993 Ford truck $ -433.00 Portion of Sears balance due $ -691.00 1/2 of Levitz Furniture bill $ -117.00 Remainder of McAlpins bill $ 9,684.00 Total to appellant
 Appellee $ 11,092.00 1/2 of estimated equity in home after sale $ 4,050.00 1989 Chevrolet-$3,000 credit to appellant $ -340.00 PNC Debt $ -4,567.00 Remainder of Sears balance due $ -691.00 1/2 of Levitz Furniture bill $ -183.00 Portion of McAlpins bill $ 9,361.00 Total to appellee
Additionally, appellant is to retain her cleaning company, Maid for You, and appellee must pay the health insurance premium for appellant for the next two years. The court did not set a value for either the company or the health insurance premium to be paid by appellee.
Appellant first contends that the court erred in the division of motor vehicles that were marital property. The parties owned a 1989 Chevrolet valued at $7,050 and a 1993 Ford truck valued at $10,000. During the pendency of the divorce proceeding, the parties entered into an agreement which was ratified by the magistrate wherein appellee was ordered to make the payments and carry insurance on the 1993 Ford truck. The evidence at trial indicated appellee did not make such payments and that all payments on the 1993 Ford truck were made by appellant. Appellant testified that due to pressing debts, she was forced to return the vehicle to the Ford dealership, resulting in negative equity of $3,000 for which appellant is liable. Appellee was granted use of the 1989 Chevrolet during the proceedings, paying the balance owed in full on the vehicle. The trial court granted appellee possession of the 1989 Chevrolet, but ordered appellee to pay appellant $3,000 from his half of the equity earned from the sale of the marital residence. Appellant argues that the trial court erred by not explaining why there was an unequal distribution of these assets as required by R.C. 3105.171(C).
In her second assignment of error, appellant argues that the trial court erred in ordering the sale of the marital residence and in the distribution of proceeds. The trial court awarded appellant $7,500 from the sale of the residence to compensate her for mortgage payments and improvements to the residence. The trial court then ordered the parties to split any remaining proceeds from the sale. Appellant argues that the trial court is assuming that there is $30,859 in equity in the residence and that if the residence is sold for less then she will not be fully compensated. Appellant sets forth a formula which she presents to be more equitable than the one employed by the trial court. Again, appellant argues that the trial court erred by not explaining why there was an unequal distribution of assets from the marital residence.
The division of marital property governed by R.C.3105.171(C)-(1) provides that the division of marital property between parties shall be equal unless such a distribution would be inequitable. The court is required to consider all applicable factors in making a division of marital property including all relevant factors enumerated in R.C. 3105.171(F). A party seeking full review may request that the trial court make findings of fact and conclusions of law in an effort to more fully inform a reviewing court of the trial court's reasoning. Cherry v. Cherry (1981), 66 Ohio St.2d 348, 356. If a party does not seek findings of fact and conclusions of law pursuant to Civ.R. 52 from the trial court, then the reviewing court will presume that the trial court considered all the relevant statutory factors when determining the division of marital assets. Id.
In the present case, the parties did not request findings of fact and conclusions of law from the trial court. Therefore, pursuant to Cherry, this court must presume that the trial court considered all the relevant statutory factors when they were determining the division of marital assets. When making a division of property, a trial court has broad discretion and a reviewing court may modify that decision only if the trial court abused its discretion. Id. at 355. The mere fact that a property division is unequal does not, standing alone, amount to an abuse of discretion. Id. An abuse of discretion implies more than an error in judgment. It must be determined whether the trial court's property division was so unreasonable, arbitrary, or unconscionable in its property division as to amount to an abuse of discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
This court has fully reviewed the trial court record and finds that the trial court's decision and judgment entry are written in sufficient detail for this court to determine if the award is fair, equitable and in accordance with law. The division of the automobiles owned as marital property was within the court's realm of discretion, as was the order of the sale of the marital residence and distribution of the proceeds. This court will not overturn a decision of the trial court absent an abuse of discretion. In this matter, there is no indication that the trial court abused its discretion. Accordingly, appellant's first and second assignments of error are overruled and the judgment of the trial court is affirmed.
POWELL, P.J., and WALSH, J., concur.