Defendant-appellant, Norma Ferguson, appeals a Clermont County Court of Common Pleas, Domestic Relations Division, distribution of assets in a divorce action with plaintiff-appellee, Duane Ferguson ("Ferguson"). We affirm in part and reverse in part.
The parties were married on November 15, 1958, and had three children, all of whom are emancipated. On October 30, 1991, Ferguson filed for divorce. There were several hearings concerning the distribution of assets between the parties. On September 7, 1997, a magistrate's decision with findings of fact and conclusions of law was filed. Appellant was awarded the following assets: (1) Merwin Ten Mile marital residence and adjoining land,[1] worth $1.6 million,[2] (2) Behymer Road lot fourteen,[3] (3) and one-half interest in property referred to as I-275 Gateway E. Commerce Center,[4] worth between $3.5 to $7.5 million. Ferguson was awarded (1) Ferguson Drive Apartments, worth $1.42 million, (2) one-half interest in I-275 Gateway E. Commerce Center, (3) Behymer Road lot eleven, (4) 4401 Aicholtz Road, worth $125,000, (5) 732 Clough Pike, worth $200,000, (6) 707 Clough Pike, worth $200,000, (7) a 1991 Corvette, worth $21,000, and (8) two tractors, worth $4,500. The magistrate then ordered appellant to pay Ferguson $217,762 within one year to set off the difference between the awards given. The court denied appellant's request for spousal support.
On September 17, 1997, appellant filed objections to the magistrate's decision. On February 4, 1998, the trial court reviewed the magistrate's decision and set the value of Ferguson Drive Apartments to $1.6 million, reducing the amount appellant owes to $127,762. The trial judge affirmed the magistrate's award in all other respects. On June 2, 1998, the final divorce decree was filed. Appellant thereafter filed a timely appeal and asserts four assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN ORDERING AN EQUAL DIVISION OF ALL PROPERTY ACCUMULATED DURING THE MARRIAGE.
In her first assignment of error, appellant argues that she is entitled to an unequal distribution and should not be required to pay Ferguson since Ferguson fraudulently and secretly conveyed marital property without her knowledge. We disagree.
We initially note that marital property division does not need to be "equal" to be equitable. Cherry v. Cherry (1981),66 Ohio St.2d 348; Lewis v. Lewis (Aug. 10, 1992), Butler App. No. CA91-12-218, unreported, at 3. However, the division of marital property is governed by R.C. 3105.171(C)(1), which states in part that marital property shall be divided equally unless such division would be inequitable. The court is obligated to distribute marital property between the spouses that will yield an equitable distribution. R.C. 3105.171(C)(1).
When the trial court makes its division of marital property, it must consider the following factors: (1) duration of the marriage; (2) assets and liabilities of the spouse; (3) desirability of awarding residential home to the spouse; (4) liquidity of the property; (4) economic desirability of retaining or selling an asset; (5) tax consequences; (6) costs of sale; (7) prior agreement of distribution of an asset; and (8) any other factor the court finds to be relevant and equitable. R.C. 3105.171(F). R.C. 3105.171(E)(3) allows the court to compensate a spouse with a distributive award[5] if the other spouse has engaged in financial misconduct, including but not limited to fraudulent disposition of an asset.
The trial court is vested with broad discretion in dividing the marital assets. Middendorf v. Middendorf (1998), 82 Ohio St.3d 397,401. A reviewing court will not disturb that decision absent an abuse of discretion. Id. Abuse of discretion is more than an error in judgment; it means that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In the present case, the magistrate made specific findings of fact and conclusions of law when he considered the distribution of marital assets. A review of the magistrate's decision reveals that he considered: (1) the length of the marriage, (2) appellant's mental and emotional health, (3) expert testimony that it would be in appellant's best interest to be awarded the marital residence, and (4) that both parties contributed to their resulting assets and liabilities. Both parties agreed that the marital residence should be given to appellant and the apartment complex should be given to Ferguson.[6] In order to effectuate an equitable distribution, the magistrate distributed other property to Ferguson.
The I-275 Gateway W. Commerce Center is an undeveloped piece of property that the magistrate ordered to be sold. In that decision, the magistrate considered the tax consequences, problems associated with selling this property, and costs of the sale. The magistrate found the values offered to be speculative. As a result, the magistrate found that the only "fair way to distribute this asset on an equal basis is to order it sold on the present joint ownership basis."
Despite this distribution, appellant argues that she should receive additional assets since Ferguson sold property secretly and forged her signature to effectuate the sale. The magistrate found that appellant and Ferguson were business partners and had a history of signing each other's names as it related to their business affairs. Further, evidence supports the fact that appellant's mental and emotional state caused her to act irrationally at times and behave out of character.
We find that the magistrate considered all the factors under R.C. 3105.171(F) when he made his distribution and there was no abuse of discretion. Further, we find that the magistrate did not abuse his discretion when he determined that Ferguson did not fraudulently convey property. Therefore, appellant is not entitled to be compensated with a distributive award. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 WHERE THE PARTIES SELL MARITAL PROPERTY BY AGREEMENT DURING THE PENDENCY OF THE DIVORCE, THE PROCEEDS FROM THE SALE ARE ALSO MARITAL, SUBJECT TO EQUITABLE DIVISION BETWEEN THE PARTIES AT THE FINAL PROPERTY HEARING. IF, HOWEVER, THE PARTIES EQUALLY DIVIDE THOSE PROCEEDS, BETWEEN THEMSELVES PRIOR TO THE FINAL PROPERTY HEARING, THERE SHOULD BE NO FURTHER REDISTRIBUTION OF THE SALE PROCEEDS BETWEEN THE PARTIES. THE TRIAL COURT ERRED IN ORDERING FURTHER REDISTRIBUTION OF SUCH FUNDS BETWEEN THE PARTIES.
In her second assignment of error, appellant argues that the proceeds in her Gradison-McDonald investment account were from the sale of marital property. The proceeds were evenly distributed between her and Ferguson. Therefore, appellant argues that it was error for the magistrate to solely consider her share of the proceeds as marital property in the property division. We agree.
There must be some competent and credible evidence to support the magistrate's decision to consider appellant's share of proceeds as marital property. Middendorf, 82 Ohio St.3d at 401. Since 1995, appellant and Ferguson sold marital property totalling $576,000. They each received $288,000. At the hearing, Ferguson could not account for his share. Appellant used some of her share to pay her living expenses and deposited the balance of $96,000 in a Gradison-McDonald investment account. The magistrate included the $96,000 as marital property and calculated it against appellant's property division. The magistrate offered no reason to consider the $96,000 as marital property.
The record is clear that the $96,000 are proceeds from the equal division of marital property and should not be re-split with Ferguson. There was sufficient evidence to demonstrate that the $96,000 was appellant's share from the sale of property that she and Ferguson sold. To include the $96,000 would result in giving Ferguson more than an equal share of the proceeds from the liquidated marital assets. Therefore, the court abused its discretion when it considered the $96,000 as a set off against appellant. Appellant's second assignment of error is well-taken.
Pursuant to App. R. 12(B), this court orders that the $96,000 be deducted from $127,762, the amount appellant was ordered by the domestic court to pay Ferguson. Therefore, appellant is required to pay Ferguson $31,762.
Assignment of Error No. 3:
 UNDER ORC [SIC] SECTION 3105(F)(6) AND (7), THE TRIAL COURT WAS REQUIRED TO CONSIDER BOTH THE TAX CONSEQUENCES OF THE SALE OF REAL ESTATE AND THE COST OF THE SALE. THE TRIAL COURT ERRED IN FAILING TO CONSIDER EITHER FACTOR IN THE PROPERTY DIVISION.
In her third assignment of error, appellant argues that in order to meet her obligation of payment to Ferguson, she would be forced to sell Merwin Ten Mile. Appellant argues that the magistrate failed to consider the tax consequences appellant would face if she sold her home. We disagree.
The relevant part of R.C. 3105.717(F) states:
 In making a division of marital property and in determining whether to make the amount of any distributive award * * *, the court shall consider the following factors:
* * *
 (6) The tax consequences of the property division upon the respective awards to be made to each spouse * * *[.]
The trial court is required to determine the fairness of a property distribution, and must consider the tax consequences unless those consequences are speculative. Day v. Day (1988),40 Ohio App.3d 155, 159; Wiggins v. Wiggins (Apr. 11, 1994), Warren App. No. CA93-05-043, unreported, at 8-9. However, if the property distribution would in effect cause one party to sell a marital asset to meet the court's order, then the court should consider the tax consequences of that sale. Day, 40 Ohio App. 3
d at 159.
In the present case, appellant was awarded the largest marital asset of one hundred ten acres. In order to meet an equitable distribution, Ferguson suggested that some of the acres be awarded to him. The value per acre was appraised at $12,000. However, appellant was opposed to this idea. Based on expert testimony that it was in appellant's best interest that Merwin Ten Mile remain intact, the magistrate did not force the sale.
In an effort to equalize the distribution, the magistrate ordered appellant to pay Ferguson $217,762. If Ferguson is not paid, the only other way to achieve an equitable distribution would be to liquidate Merwin Ten Mile. However, appellant was opposed to this idea and considering her emotional well-being, Ferguson did not demand the liquidation. While it is unfortunate that appellant suffers a mental and emotional disorder, it is not a sufficient factor to deny Ferguson a fair division of the marital property. Since appellant was given an opportunity to meet her obligation before Merwin Ten Mile was awarded to her, we do not find that appellant was forced to sell her asset.
The record reflects that the magistrate did consider the tax consequences and costs that would be involved if appellant was forced to liquidate any of her assets.[7] We further find that our disposition under appellant's second assignment of error no longer requires appellant to sell her asset in order to meet her financial obligation to Ferguson. The magistrate did not abuse his discretion when he ordered appellant to pay Ferguson in order to achieve an equitable distribution. Appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 THE TRIAL COURT'S DECISION IN DENYING WIFE'S REQUEST FOR SPOUSAL SUPPORT WAS CONTRARY TO ALL PROVISIONS OF ORC [SIC] SECTION 3105.18.
In her fourth assignment of error, appellant argues that she should have been awarded spousal support since she is unable to seek gainful employment as a result of her emotional and mental state. Therefore, appellant argues that she is in need of spousal support to maintain her accustomed living needs. We disagree.
Spousal support shall be awarded if it is appropriate and reasonable. Rheude v. Rheude (May 5, 1997), Clermont App. No. CA96-10-084, unreported, at 10-12. The trial court must consider the factors set out in R.C. 3105.18(C)(1): (1) income of the parties, (2) earning ability, (3) ages, and physical, mental, and emotional condition, (4) retirement benefits, (5) duration of the marriage, (6) whether employment is appropriate if there is a minor, (7) standard of living during marriage, (8) education, (9) assets and liabilities, (10) contribution made to other's education, (11) time and expense to re-enter the work force, (12) tax consequences, (13) lost capacity of income as a result of the marital responsibilities, and (14) any other factor the court finds to be equitable and relevant. R.C. 3105.18(C)(1)(a)-(n). In addition, spousal support must be viewed in the light of the totality of the circumstances and should be fair, equitable, and in accordance with the law. SeeKunkle v. Kunkle (1990), 51 Ohio St.3d 64.
Ascertaining whether spousal support should be granted, the domestic relations court must consider the facts and circumstances on a case-by-case basis. Kunkle,51 Ohio St.3d at 67. A reviewing court will not disturb that decision unless the lower court abused its discretion. Id.; Blakemore,5 Ohio St.3d at 219.
In considering appellant's request for spousal support, the magistrate found that the parties were married for thirty-nine years, appellant is fifty-seven years old, Ferguson is sixty years old, both have a successful standard of living, and appellant undisputedly suffers from severe emotional and mental problems. The magistrate found, with respect to appellant, that she is on the threshold of retirement, was awarded a $1.6 million asset, requested that Merwin Ten Mile be awarded to her intact, and has other financial resources. As a result of this property distribution, appellant's standard of living will not be diminished in any way. Further, the magistrate found that due to Ferguson's age, it will be unlikely that he will engage in future real estate acquisitions. Accordingly, the magistrate held that based on the ages of the parties and the net value of the assets awarded to each, there was no reasonable basis to order Ferguson to pay spousal support.
We find that the magistrate did consider the factors of R.C.3105.18(C)(1), and did not abuse his discretion when he denied appellant's request for spousal support. Appellant's fourth assignment is overruled.
Judgment is affirmed in part and modified in part pursuant to App. R. 12(B). The order of the trial court requiring appellant to pay appellee $127,762 is hereby modified to require appellant to pay $31,762.
WALSH and POWELL, JJ., concur.
[1] The marital residence is nine thousand square feet with a six car garage, barns, stables, and horse track on one hundred ten acres of land.
[2] Appellant was awarded the marital asset because she suffered from a mental disorder resulting from an October 1989 robbery. Ferguson and appellant were robbed at gun point and tied up. During the ordeal, appellant was sexually assaulted. As a result of the incident, appellant has been unable to work. She has developed "Post Traumatic Stress Disorder" and "Agoraphobia," an abnormal fear of open spaces. See magistrate's decision, citing American Heritage Desk Dictionary, Houghton Mifflin, 1981. There was expert testimony that established that it would be in appellant's best interest to remain in the marital residence. Based on the foregoing, the magistrate decided not to force the liquidation of the marital residence, and awarded appellant the $1.6 million asset.
[3] The value of this property was offset by the value of lot eleven given to Ferguson.
[4] The domestic court ordered that appellant and Ferguson sell the land and mutually agree on a minimum selling price.
[5] " 'Distributive award' means any payment or payments, in real or personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support." R.C. 3105.171 (A)(1).
[6] This included the underlying indebtedness on both pieces of property.
[7] The magistrate discussed the tax consequences under the spousal support heading of his decision.