OPINION
Defendant-appellant, Roger Crupper, brings this accelerated appeal from a decision by the Butler County Court of Common Pleas, Domestic Division, dividing marital property and assigning him certain debts.
Roger and Patricia Ann Crupper were married in 1983, and she filed for divorce in May 1998. The parties reached agreement as to the division of all marital debts and assets except for an airplane kit purchased by Roger and certain credit card debt. After a hearing, the trial court found the airplane kit to be marital property subject to division. The trial court found that the parties had stipulated to the division of the credit card debt, assigning to Roger $36,000 of that debt. Roger filed a motion for reconsideration which the trial court denied after a hearing. The trial court entered a final decree of divorce, and Roger appeals.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FINDING THAT THE AIRPLANE BUILT BY DEFENDANT/APPELLANT WAS MARITAL PROPERTY RATHER THAN NON-MARITAL PROPERTY BECAUSE IT WAS PAID FOR BY DEFENDANT/ APPELLANT'S INHERITANCES RECEIVED DURING THE MARRIAGE.
Assignment of Error No. 2:
THE TRIAL COURT ERRED IN THE PROPERTY DIVISION BY:
 IF THE VALUE OF THE AIRPLANE IS HELD TO BE MARITAL PROPERTY THAT WAS EQUALLY DIVIDED BY THE TRIAL COURT BETWEEN THE PARTIES, THEN THE TRIAL COURT ERRED IN FAILING TO EQUALLY DIVIDE THE CREDIT CARD DEBT USED BY DEFENDANT/APPELLANT TO PARTIALLY PURCHASE THE AIRPLANE PARTS; AND
BY FAILING TO EQUITABLE DIVIDE THE STIPULATED MARITAL DEBT.
In his assignments of error, Roger contends that the trial court erred in finding the airplane to be marital property and dividing it equally between the parties. He asserts that the parties did not stipulate that Roger would be responsible for $36,000 of the credit card debt.
We review the decision of the trial court to classify alleged marital or separate property to determine if it is supported by the manifest weight of the evidence. Johnson v. Johnson (Sept. 27, 1999), Warren App. No. CA99-01-001, unreported, at 7. The factual findings of the trial court relating to classifying property as marital or separate are reviewed to determine whether they are supported by competent, credible evidence. Barkley v.Barkley (1997), 119 Ohio App.3d 155, 159; Dever v. Dever (Apr. 12, 1999), Clermont App. No. CA98-07-050, unreported, at 7, appeal dismissed, 86 Ohio St.3d 1461, discretionary appeal not allowed,87 Ohio St.3d 1443. The trial court is given latitude to resolve issues of fact and make factual findings, if such are supported by the record. Once the property is classified, the trial court retains broad discretion to effect an equitable and fair division.Cherry v. Cherry (1981), 66 Ohio St.2d 348, paragraph two of the syllabus.
The trial court's determination that the airplane was marital property is supported by the manifest weight of the evidence. Roger's inheritance was put into an account out of which marital bills were paid. The credit cards he used to purchase airplane parts were also used to purchase marital property on at least one occasion. Although Roger presented checks paid to credit card companies, he did not provide credit card transaction reports which would have supported his claim that the credit cards were not used for marital purposes. The trial court did not abuse its discretion by dividing the airplane's value between the parties.
Nor did the trial court err in finding that the parties stipulated to how the credit card debt was to be divided. At the beginning of the hearing, the following colloquy took place:
 Mr. Schiavone [Patricia's counsel]: * * * There's credit card debt. Uhm, we allocated to Patricia in the amount of $2,000 and Roger in the amount of $36,000. And, I believe there is a stipulation on those values.
 By the Court: All right. You agree, Mr. Meyers?
Mr. Meyers [Roger's counsel]: Yeah[.]
At the hearing, counsel expressed to the trial court that the parties had agreed to the division of the credit card debt. The trial court did not err by following that agreement. The assignments of error are overruled.
 ______________________ Per Curiam
WALSH and VALEN, JJ., concur.