OPINION
Defendant-appellant Keith Ungar appeals from the December 12, 2001, Judgment Entry of the Stark County Court of Common Pleas, Family Court Division.
 STATEMENT OF THE FACTS AND CASE
Appellant Keith Ungar and appellee Lori Ungar fka Kiko were married on August 4, 1995. No children were born as issue of such marriage. Prior to their marriage, appellee and appellant had executed an antenuptial agreement.
On December 19, 2000, appellee filed a complaint for divorce against appellant. Appellant filed an answer and counterclaim on January 9, 2001. Thereafter, a bench trial was held on October 23, 2001, and October 30, 2001. Following the trial, both parties submitted proposed findings of fact and conclusions of law.
As memorialized in a Judgment Entry filed on December 12, 2001, the trial court granted the parties a divorce on the ground of incompatibility. The trial court, in its entry, specifically found that the Brook Park Terrace Apartment complex owned by the parties was valued at $1,400,000.00 but had debt of $1,441,180.00. The trial court, in its entry, ordered that each party be responsible for the marital debt owed on the apartment complex and that a Congress Lake cottage jointly owned by the parties, worth between $105,000.00 and $107,000.00, be sold and the proceeds divided equally between the parties. In addition, the trial court awarded appellee a Colorado Condo worth nothing since its value was approximately less than or the same as the mortgage balance.
The trial court, in its December 12, 2001, entry, further awarded appellant all interest in VIP (Venture Investment Property), a real estate corporation owned by appellant which was established and operated during the parties' marriage. During trial, evidence was adduced that the assets of VIP, which consisted of three (3) properties[1], were worth at least $270,000.00. The trial court, however, never assigned a value to VIP in its entry. Moreover, the trial court, in its entry, ordered that appellant "shall be responsible for the balance of the VIP debt as specified in his Exhibit F." According to Exhibit F, VIP's debt totaled $445,456.00.
It is from the trial court's December 12, 2001, Judgment Entry that appellant now appeals, raising the following assignment of error:
 "THE TRIAL COURT ERRED IN CHARACTERIZING THE DEBT CREATED BY V.I.P. AS APPELLANT'S SEPARATE DEBT WHICH RESULTED IN AN INEQUITABLE DISTRIBUTION OF MARITAL ASSETS AND LIABILITIES."
 I
Appellant, in his sole assignment of error, argues that the trial court erred in characterizing VIP's debt as separate property, which, according to appellant, resulted in an inequitable division of marital assets and liabilities.
Initially, we note that we generally review the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v. Cherry (1981), 66 Ohio St.2d 348,421 N.E.2d 1293. However, with the enactment of R.C. 3105.171, the characterization of property as separate or marital is a mixed question of law and fact, not discretionary, and the characterization must be supported by sufficient, credible evidence. Chase-Carey v. Carey (Aug. 26, 1999), Coshocton App. No. 99CA1; See Kelly v. Kelly (1996),111 Ohio App.3d 641, 676 N.E.2d 1210. It is pursuant to this standard of review that we review appellant's assignment of error.
The first issue that must be addressed is whether, as appellant alleges, the trial court characterized VIP's debt as appellant's "separate" debt. R.C. 3105.171(A)(6)(a) defines "separate property" as follows:
 "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
 "(i) An inheritance by one spouse by bequest, devise, or descent during the course of the marriage;
 "(ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;
 "(iii) Passive income and appreciation acquired from separate property by one spouse during the marriage;
 "(iv) Any real or personal property or interest in real or personal property acquired by one spouse after a decree of legal separation issued under section 3105.17
of the Revised Code;
 "(v) Any real or personal property or interest in real or personal property that is excluded by a valid antenuptial agreement;
 "(vi) Compensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets;
 "(vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse."
In turn, R.C. 3105.171(A)(3)(a) defines "marital property" as follows:
 "`Marital property' means, subject to division (A)(3)(b) of this section, all of the following:
 "(i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 "(ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 "(iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage;
 "(iv) A participant account, as defined in section 148.01 of the Revised Code, of either of the spouses, to the extent of the following: the moneys that have been deferred by a continuing member or participating employee, as defined in that section, and that have been transmitted to the Ohio public employees deferred compensation board during the marriage and any income that is derived from the investment of those moneys during the marriage; the moneys that have been deferred by an officer or employee of a municipal corporation and that have been transmitted to the governing board, administrator, depository, or trustee of the deferred compensation program of the municipal corporation during the marriage and any income that is derived from the investment of those moneys during the marriage; or the moneys that have been deferred by an officer or employee of a government unit, as defined in section 148.06 of the Revised Code, and that have been transmitted to the governing board, as defined in that section, during the marriage and any income that is derived from the investment of those moneys during the marriage."
Courts have held that debt is included within the meaning of marital property. See Easterling v. Easterling (April 13, 2001), Montgomery App. No. 18523.
Pursuant to R.C. 3105.171(B), "[i]n divorce proceedings, the court shall, . . . determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section." The party to a divorce action seeking to establish that an asset or portion of an asset is separate property, rather than marital property, has the burden of proof by a preponderance of evidence. Zeefe v. Zeefe (1998),125 Ohio App.3d 600, 709 N.E.2d 208.
As is stated above, appellant, in his sole assignment of error, contends that the trial court erred in characterizing VIP's debt as appellant's separate debt. However, the trial court, in its December 12, 2001, Judgment Entry, never expressly stated that VIP's debt was appellant's separate debt. Rather, the trial court, in paragraph 9 of its Judgment Entry, specifically stated as follows:
 "9. The parties had separate property at the time of the marriage and there was personal and real property and debt acquired during the marriage. The Court finds that the Wife has no responsibility for VIP (a real estate corporation solely owned by the Husband). Court finds that she had limited knowledge of all of the Defendant's personal debt as indicated on his Exhibit F."
"Exhibit F", which is referenced in the trial court's entry, contains a list of debts that are listed by obligor. On such exhibit, appellant is listed as the obligor with respect to some debts and appellee with respect to others. Other debts are listed as either the parties' joint debt or as VIP's debt.
Upon our review of the trial court's December 12, 2001, entry, we find that it is unclear whether the trial court, in fact, characterized VIP's debt as appellant's separate debt.[2] As is stated above, the trial court, in its entry, never specifically stated that VIP's debt was appellant's separate and personal debt. While the trial court noted that VIP is "solely owned" by appellant, as is stated above, VIP was established and operated during the parties marriage. Thus, VIP, as appellee notes, "may [technically] have been marital property." Furthermore, while appellant contends that the trial court found that the debt created by VIP was appellant's separate debt since the trial court, in its entry, reasoned that appellee "had limited knowledge of all of the Defendant's personal debt as indicated on his Exhibit F", we note that Exhibit F, in addition to listing VIP's debts, also lists appellant's individual personal debts. Thus, the trial court, in its entry, may have been referring to appellee's lack of knowledge of appellant's individual
debts rather than those of VIP.
Since it is unclear whether the trial court, in fact, characterized the debt created by VIP as appellant's separate and personal debt, this matter is remanded to the trial court for a determination as to whether such debt is separate or marital. If the trial court, on remand, characterizes the same as marital property, the trial court "shall make written findings of fact that support the determination that the marital property has been equitably divided." See R.C. 3105.171(G). Furthermore, if, on remand, the trial court divides the marital property unequally, the trial court shall provide findings of fact to support this division of property as required by R.C. 3105.171(G). See Matic v. Matic
(July 27, 2001), Geauga App. No. 2000-G-2266.
Accordingly, for the foregoing reasons, this matter is remanded to the trial court for further proceedings.
By EDWARDS, J. FARMER, P.J. and BOGGINS, J. concurs
[1] The three properties were located on Hills Dales Road in Canton, Ohio, on Alabama Avenue in Massillon, Ohio, and in Mexico.
[2] While appellant, in his brief, contends that the trial court found that VIP's debt was appellant's separate and personal debt, appellee argues that "[t]he trial court did no such thing."