OPINION
{¶ 1} Plaintiff-appellant Brian T. Maldonado ("husband") appeals the August 26, 2003 Final Entry entered by the Stark County Court of Common Pleas, Domestic Relations Division, which granted husband and defendant-appellee Renee J. Maldonado ("wife")[1] a divorce.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} Husband and wife were married on June 13, 1995. No children were born as issue of said union. On September 26, 2002, husband filed a Complaint for Divorce. Wife filed a timely answer. Via Order filed on October 16, 2002, the magistrate ordered wife to pay husband $300/month as temporary spousal support. The magistrate found wife had vacated the marital residence and filed for Chapter 7 bankruptcy on September 25, 2002. Both parties filed motions to set aside the magistrate's October 16, 2002 Order. The trial court approved and adopted the magistrate's order via Judgment Entry filed December 17, 2002.
{¶ 3} The matter came on for trial on July 1, 2003. Via Final Entry filed August 26, 2003, the trial court granted the parties a divorce. With respect to the marital residence, the trial court found wife had surrendered her interest in the property during the bankruptcy action. Accordingly, the trial court awarded husband the marital residence, and ordered wife to quick claim her interest therein. The trial court ordered the parties to divide the household furnishings pursuant to mutual agreement or pursuant to wife's proposed division. Although the trial court ordered wife to pay spousal support arrearages in the amount of $406.36, the trial court found permanent spousal support was not appropriate or reasonable.
{¶ 4} It is from this final entry husband appeals, raising the following assignments of error:
{¶ 5} "I. The trial court erred and abused its discretion by failing to make an award of spousal support to plaintiff/appellant when the trial court made appellant responsible for the marital debts.
{¶ 6} "II. The trial court erred as a matter of law by not providing facts and reasons for not awarding spousal support to appellant.
{¶ 7} "III. The trial court erred as a matter of law and abused its discretion by including and relying upon in its final entry defendant/appellee's Exhibit L which was not admitted into evidence at trial."
 I, II
{¶ 8} Because husband's first and seconds assignments of error are interrelated, we shall address said assignments together. In his first assignment of error, husband maintains the trial court abused its discretion in not awarding spousal support to him. In his second assignment of error, husband submits the trial court erred in failing to set forth its facts and reasons for not awarding spousal support to husband We disagree.
{¶ 9} As a general matter, we review the overall appropriateness of the trial court's award of spousal support under an abuse of discretion standard. Cherry v. Cherry (1981),66 Ohio St.2d 348. However, R.C. 3105.18(C)(1) mandates the trial court consider certain factors in making its determination of spousal support. We find our review of the trial court's findings regarding these factors presents a factual analysis, and the trial court's findings must be supported by sufficient, credible evidence. After the trial court has considered the factors, the actual determination of whether or not to award spousal support, as well as the amount and duration of the spousal support award, must be properly reviewed under the more deferential abuse of discretion standard.
{¶ 10} Pursuant to R.C. 3105.18(C)(1), the trial court must consider certain factors in making determinations of spousal support: In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
{¶ 11} "(a) The income of the parties, from all sources * * *;
{¶ 12} "(b) The relative earning abilities of the parties;
{¶ 13} "(c) The ages and the physical, mental, and emotional conditions of the parties;
{¶ 14} "(d) The retirement benefits of the parties;
{¶ 15} "(e) The duration of the marriage;
{¶ 16} "(f) The extent to which it would be inappropriate for a party, because he will be custodial of a minor child of the marriage, to seek employment outside the home;
{¶ 17} "(g) The standard of living of the parties established during the marriage;
{¶ 18} "(h) The relative extent of education of the parties;
{¶ 19} "(I) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
{¶ 20} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
{¶ 21} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
{¶ 22} "(l) The tax consequences, for each party, of an award of spousal support;
{¶ 23} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
{¶ 24} "(n) Any other factor that the court expressly finds to be relevant and equitable."
{¶ 25} Further, the trial court is governed by the standards and guidelines imposed by the Ohio Supreme Court in Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, paragraph one of the syllabus, which reads: "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."
{¶ 26} In the Final Entry, under the heading of Spousal Support, the trial court states, "The Court considered all of the spousal support factors and finds that spousal support is not appropriate or reasonable. R.C. 3105.18(C)(1)." Husband maintains that such language does not provide sufficient detail to facilitate adequate appellate review. In support of his position, appellant relies upon Earnest v. Earnest (2003), 151, Ohio App.3d 682. In Earnest, the Eleventh District Court of Appeals stated, "A trial court does not satisfy this requirement by simply stating that it considered the R.C. 3105.18(C)(1) factors; it is required that an entry awarding spousal support provides some illumination of the facts and reasons underlying the judgment." Id. at 687.
{¶ 27} Upon review of the entire Final Entry, we find the trial court satisfied the requirement to provide its facts and reasons for not awarding spousal support. Although the trial court did not list the factors under the heading of Spousal Support, we find the trial court considered the length of the marriage, the education of the parties, the necessary living expense, etc. See, August 26, 2003 Final Entry, Findings of Fact. When we consider the findings as set forth by the trial court, we cannot say the trial court abused its discretion in not ordering an award of spousal support.
{¶ 28} Husband's first and second assignments of error are overruled.
 III
{¶ 29} In his third assignment of error, husband submits the trial court erred and abused its discretion in including and relying upon wife's Exhibit L which was not admitted into evidence at trial. We disagree.
{¶ 30} Wife' Exhibit L represents wife's proposed property division. With respect to household goods and belongings, the trial court in its final entry ordered, "The parties shall divide the household furnishings pursuant to their mutual agreement, or pursuant to [wife's] Exhibit L." As the trial court could have created the same division without input from either party, we find no error in the trial court's utilization of wife's proposed property division, despite the fact it was never formally offered into evidence.
{¶ 31} Husband's third assignment of error is overruled.
{¶ 32} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.
Hoffman, J., Gwin, P.J. and Farmer, J. concur.
[1] Wife has not filed a brief with this Court.