[Cite as *Jenkins v. Jenkins*, 2013-Ohio-3326.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| RANI P. JENKINS, | : | APPEAL NO. C-120793 |
| | | TRIAL NO. DR-1002500 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| TIMOTHY J. JENKINS, | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed as Modified

Date of Judgment Entry on Appeal:  July 31, 2013

*Croswell & Adams Co., LPA,* and *Gregory L. Adams*, for Plaintiff-Appellee,

*Moskowitz & Moskowitz, LLC*, and *James H. Moskowitz*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     Is it okay for a trial court to include language in a divorce decree that says that following the divorce the parties should not molest, harass, disturb, torment, or annoy each other, and that they should otherwise leave each other alone to live their separate lives?   We think it is.  Therefore, we reject the first assignment of error raised by the appellant, Timothy Jenkins.

{¶2}     We also find little merit to arguments raised by Dr. Jenkins contesting the amount of spousal and child support awarded by the court.  We do find it necessary, however, to modify the property distribution in the decree as it relates to an automobile for which the court did not assign a value.  In all other respects, we affirm the judgment of the trial court.

## I.

{¶3}     Timothy and Rani Jenkins were married in 1995 and have three children.  They agree that the termination date of their marriage was December 31, 2009.  The parties were able to agree on most issues regarding their parenting time with their children.   Issues about marital property, spousal support and child support were tried before the court.  At the conclusion of the hearing, the court issued a final entry, and asked Ms. Jenkins to submit a decree of divorce for the court's adoption. The court entered the decree of divorce, which incorporated its final entry.

## II.

{¶4}     In his first assignment of error, Dr. Jenkins asserts that the trial court abused its discretion when it included in the decree of divorce what he terms a "life-long restraining order."  He objects to this language:

IT IS FURTHER ORDERED that henceforth the parties shall live separate and apart for the rest of their natural lives and shall not interfere with the other's right to quiet enjoyment and peaceful living. Neither party will molest, harass, disturb, torment, interfere with nor annoy the other in any manner, directly or indirectly, at home, at place of employment or anywhere as fully as if he or she were single and unmarried.

{¶5} While maintaining that he does not intend to "molest, harass, [or] disturb * * *" Ms. Jenkins in the future, Dr. Jenkins contends that the language is tantamount to an injunction, and that the court erred by failing to comply with Civ.R. 65. Specifically, he complains that the court did not provide notice, as required by Civ.R. 65(B), and it did not "set forth the reasons for [the order's] issuance," as required by Civ.R. 65(D). Dr. Jenkins also argues that the court lacked authority to incorporate the contested language because Ms. Jenkins did not clearly and convincingly establish the required elements for the issuance of an injunction: a right to relief under the substantive law, a necessity to prevent irreparable harm, and a lack of an adequate remedy at law. *See Procter & Gamble Co. v. Stoneham*, 140 Ohio App.3d 260, 747 N.E.2d 268 (1st Dist.2000). We are not persuaded.

{¶6} We quickly dispose of the Civ.R. 65 arguments. Civ.R. 65(B) simply provides that a "preliminary injunction" shall not be issued without notice to the other side. A preliminary injunction is not at issue here. Rather, the language about which Dr. Jenkins complains was included in a final decree of divorce that was issued after a full adversarial hearing, a hearing of which Dr. Jenkins obviously had full notice. As to the Civ.R. 65(D) argument, the court's final entry sets forth more than ample justification for the contested language.

3

{¶7} Nor do we think it was outside the authority of the domestic relations court to include such language within a final decree of divorce. The parties are getting divorced, after all. The domestic relations court "has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." R.C. 3105.011. The parties' quiet enjoyment and peaceful living separate from one another certainly falls within the ambit of "domestic relations matters." The language was well within the court's discretion, especially in light of the rancorous history of the divorce proceedings. Further, the language applies to both Ms. Jenkins and Dr. Jenkins. Any perceived burden imposed by the language will be shared by each of them. The first assignment of error is overruled.

### III.

{¶8} We consider Dr. Jenkins's remaining assignments of error together. He asserts that the court erred by failing to tie Class II spousal support to his actual receipt of payments in the event of a withdrawal from his professional partnership, by ordering Dr. Jenkins to pay monthly spousal support of $5,500 for six years and not retaining jurisdiction over the duration or amount of support, by not apportioning the value of a car retained by Ms. Jenkins as marital property, and by ordering the parties to allocate their children's medical expenses not covered by insurance according to the percentages established on the child-support work sheet.

{¶9} We review all these issues under an abuse-of-discretion standard. *Cherry v. Cherry*, 66 Ohio St.2d 348, 355, 421 N.E.2d 1293 (1981). We conclude that the trial court did not abuse its discretion with respect to three of the assignments of error. Contrary to Dr. Jenkins's contention, the Class II spousal support that he must pay upon leaving his partnership was made contingent upon his actual receipt of payment from the partnership. The court's order requires payment only if Dr.

Jenkins "terminates or withdraws as a partner * * * and the calculations in Sections 6.3 and 6.4 of the Limited Liability Partnership Agreement trigger payments to him."

{¶10} There was also no abuse of discretion in the court's order that Dr. Jenkins pay spousal support for six years and its failure to retain jurisdiction over the amount or duration. It is clear from the court's entry that it considered the relevant factors, including the incomes of the parties and the likelihood of their incomes changing in the future. *See* R.C. 3105.18(C). It is also apparent that the court considered those factors and each party's contribution to childcare expenses when determining that the children's uncovered medical expenses should be apportioned according to the percentages calculated in the child-support worksheet. We conclude that this determination was not an abuse of discretion.

{¶11} We do, however, conclude, as asserted in the fourth assignment of error, that the trial court erred in not including a car retained by Ms. Jenkins following the divorce in the property division. The car, which was purchased in 2008, was marital property. R.C. 3105.171(A)(3). Although Dr. Jenkins presented no evidence about the value of the car at the time of the marriage's termination, only the vehicle's initial purchase price, the trial court had before it sufficient evidence from Ms. Jenkins that the car was worth at least $12,000 after the termination. The court should have awarded Dr. Jenkins $6,000 for the value of the car.

IV.

{¶12} In sum, we overrule the first, second, third, and fifth assignments of error. We sustain the fourth assignment of error, and modify the trial court's judgment to reflect that Ms. Jenkins must pay Dr. Jenkins $6,000 for the value of the car. As modified, the judgment of the trial court is affirmed.

Judgment accordingly.

5

**HENDON, P.J.,** and **HILDEBRANDT, J.,** concur.

Please note:

  The court has recorded its own entry on the date of the release of this opinion.

