I am in agreement with the opinion of the majority, including remand of the seventh assignment of error; however, I must respectfully dissent with the majority's conclusion in the third assignment of error that the trial court equitably divided the marital debt. The trial court's requiring appellant to pay 83% of the $15,000 marital debt while appellee only pays 17% appears to be arbitrary.
R.C. 3105.171(C)(1) provides that: "* * * the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. * * *" R.C. 3105.171(G) provides that: "In any order for the division * * * of property * * *, the court shall make written findings of fact that support the determination that the marital property has been equitably divided * * *."
There is no presumption, rebuttable or irrebuttable, that marital property be divided equally upon divorce; rather, a potentially equal division should be the starting point of the trial court's analysis.Cherry v. Cherry (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293, paragraph one of the syllabus. Division of marital property includes division of both the assets and liabilities of a marriage. Id. at 352-353. Cherry
rejected a flat equal-property-division rule, but held that equal division of property should be the starting point of the trial court's analysis.
Trial courts have broad discretion to determine what is equitable upon the facts and circumstances of each case. As an appellate court, we must refrain from the temptation of substituting our judgment for that of the trier-of-fact, unless the lower court's decision amounts to an abuse of discretion. However, a trial court is required to set forth the basis of its award in sufficient detail to permit the reviewing court to determine that the award is fair. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93,518 N.E.2d 1197, paragraph two of the syllabus. The trial court has not done so in this case.
While it is clear that the trial court made the award based on the parties imputed incomes, it is not clear from the record that such a division was equitable. The marital assets of the parties totaled over $250,000. It is unclear from the record or from the trial court's entries how requiring each party to pay an unequal share of the $15,000 of marital debt is equitable.
A review of the trial court's judgment entry in conjunction with the record leads this court to the conclusion that the decision of the trial court as to the division of marital property must be reversed and this matter remanded for further consideration.
I would order that this cause be remanded for the trial court to provide written findings sufficient to justify the unequal division of marital property. I dissent.
 ________________________ NADER, J.