OPINION
Plaintiff-appellant Marion O. Watkins appeals the December 4, 2001 Judgment Entry of the Guernsey County Court of Common Pleas which granted the parties a divorce, divided the parties' property, and awarded spousal support to defendant-appellee, Phyllis M. Watkins.
 THE STATEMENT OF THE FACTS AND CASE
The parties were married on August 14, 1986. No children were born as issue of the marriage. On May 19, 2000, appellant filed a Complaint for Divorce. On May 30, 2000, appellee filed an Answer and Counterclaim for a legal separation.
The marital and separate property of the parties consisted of real estate, tangible, and intangible person property, including pension benefits for both parties. The parties obtained an evaluation of this property. The parties entered into a stipulation of the value of the property and filed the stipulation with the trial court. The matter was set for a final hearing to be conducted on April 17, 2001, before a magistrate.
On March 22, 2001, counsel for appellant filed a Motion to Withdraw, citing his clients unwillingness to entertain an equal division of the property between the parties. The proof of service for the motion indicated appellant was served with a copy of the motion to withdraw. On March 27, 2001, the trial court granted appellant's trial counsel's motion to withdraw.
On April 16, 2001, appellant filed a pro se motion to continue the final hearing to obtain counsel. At the April 17, 2001 hearing, the magistrate denied the motion for a continuance.
On October 1, 2001, the magistrate issued a decision granting a legal separation on the grounds of extreme cruelty. The magistrate adopted appellant's proposed division of property, but ordered appellant to pay spousal support in the amount of $1,200 per month, plus poundage. The magistrate reserved jurisdiction to modify the support obligation. Due to the award of spousal support, the magistrate further ordered neither party would be required to pay attorney fees for the other party.
On December 4, 2001, the trial court, after conducting an independent review of the evidence, modified the magistrate's decision in part. Specifically, the trial court adopted appellee's proposed division of property and debt, and ordered appellant to continue to maintain credit life insurance on the mortgage, and medical insurance coverage for appellee as long as such coverage was available.
It is from this judgment entry appellant prosecutes this appeal, assigning the following errors for our review:
 "I. THE TRIAL COURT ERRED IN FAILING TO INDICATE A BASIS FOR ITS AWARD OF SPOUSAL SUPPORT SO AS TO ENABLE A REVIEWING COURT TO DETERMINE WHETHER THE AWARD WAS FAIR, EQUITABLE AND IN ACCORDANCE WITH LAW.
 "II. THE TRIAL COURT ERRED IN FAILING TO SET FORTH WRITTEN FINDINGS OF FACT TO SUPPORT ITS DIVISION OF PROPERTY, TO FOLLOW THE STATUTORY MANDATES OF REVISED CODE 3105.171 AND TO OTHERWISE SET FORTH A SUFFICIENT BASIS FOR ITS AWARD IN DETAIL TO ENABLE A REVIEWING COURT TO DETERMINE THAT THE AWARD WAS FAIR, EQUITABLE AND IN ACCORDANCE WITH LAW.
 "III. THE TRIAL COURT ERRED IN DENYING THE PLAINTIFF/APPELLANT'S MOTION FOR CONTINUANCE."
 I, III
In appellant's first assignment of error, he maintains the trial court erred in failing to indicate a basis for its award of spousal support. In his third assignment of error, appellant maintains the trial court erred in denying his motion for a continuance. We overrule both of these assignments of error.
Appellee points out, and the record demonstrates appellant failed to file a request for findings of fact and conclusions of law, either of the magistrate or the trial court. Further, appellant failed to file objections to the magistrate's decision.
Civ.R. 53(E) states, in pertinent part:
"(E) Decisions in referred matters
"(2) Findings of fact and conclusions of law
 "If any party makes a request for findings of fact and conclusions of law under Civ.R. 52 or if findings and conclusions are otherwise required by law or by the order of reference, the magistrate's decision shall include findings of fact and conclusions of law. If the request under Civ.R. 52 is made after the magistrate's decision is filed, the magistrate shall include the findings of fact and conclusions of law in an amended magistrate's decision.
"(3) Objections
 "(a) Time for filing. Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. * * *
 "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
(Emphasis added).
Unlike the statute concerning property division, R.C. 3105.18 does not require a lower court to make specific findings of fact regarding spousal support awards. R.C. 3105.18(C)(1) does set forth fourteen factors the court must consider, however, in determining if spousal support is appropriate and reasonable. If the court does not specifically address each factor in its order, a reviewing court will presume each factor was considered, absent evidence to the contrary. Cherry v. Cherry (1981),66 Ohio St.2d 348, 356.
Because appellant failed to object to the magistrate's decision with regard to the spousal support, or with regard to his motion for a continuance, we find these arguments to be waived in this appeal pursuant to the aforementioned language in Civ.R. 53(E).
Accordingly, appellant's first and third assignments of error are overruled.
 II
In appellant's second assignment of error he maintains the trial court erred in failing to set forth written findings of fact to support its division of property, to follow the statutory mandates of R.C. 3105.171, and otherwise set forth a sufficient basis to enable this Court to determine whether the award was fair, equitable, and in accordance with law.[1] As noted above, the trial court modified the magistrate's decision, deciding to adopt appellee's proposed division of property and debt instead of appellant's proposed division. Appellant properly raises this argument for the first time in this appeal.
As a general matter, we review the overall appropriateness of the trial court's property division pursuant to divorce proceedings under an abuse-of-discretion standard. Cherry v. Cherry (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293. However, we agree with our colleagues in the First and Fourth District Courts of Appeals that with the enactment of R.C. 3105.171, the characterization of property as separate or marital is a mixed question of law and fact, not discretionary, and the characterization must be supported by sufficient, credible evidence. (See McCoy v. McCoy (1995), 105 Ohio App.3d 651, 654; Kelly v. Kelly
(1996), 111 Ohio App.3d 641. Once the characterization has been made, the actual distribution of the asset may be properly reviewed under the more deferential abuse-of-discretion standard. R.C. 3105.171(D);Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.
3105.171 governs the division of marital property. Section (G) of this statute states: "(G) In any order for the division or disbursement of property * * * made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of `during the marriage.'"
Appellant's assignment of error attacks the trial court's failure to set forth specific findings of facts and conclusions of law relative to the property division. Appellant does not attack any particular item divided in the marital property, but rather argues the trial court's order was insufficient to permit an appellate review of the division of marital property. We disagree.
The trial court specifically adopted appellee's proposed property division. This document set out all of the parties marital property, ascribed value to each item, and divided the property, listing the value to be given to each party. We find the trial court's adoption of this appellee's proposed division of property was a de facto finding of fact as required by R.C. 3105.171(G).
Under the trial court's order, appellant received 50.63% of the property while appellee received 49.3% of the property. In light of these facts, and the evidence before the trial court, we find no abuse of discretion in the trial court's division of the marital property.
Appellant's second assignment of error is overruled.
The December 4, 2001 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed.
HOFFMAN, J., FARMER, P.J., and BOGGINS, J. concur.
[1] In appellant's second assignment of error, he also maintains he was not served with appellant's proposed disposition of disputed assets, which was filed on September 21, 2001. Because appellant has not separately assigned this argument as error, we decline to review it in this opinion. See, App.R. 16.