OPINION
{¶ 1} Plaintiff-appellant E. Ann Petersen ("wife") appeals the November 22, 2002 Decision and Judgment Entry of the Ashland County Court of Common Pleas, Domestic Relations Division, which overruled wife's objections to the magistrate's August 27, 2002 Amended Decision on the issues of child support and spousal support, and affirmed said decision relative thereto. Defendant-appellee is B. David Petersen ("husband").
 STATEMENT OF THE FACTS AND CASE {¶ 2} Husband and wife were married on November 19, 1988, in Lorain, Ohio. This is husband's third marriage. Two children were born as issue of said union, to wit: Bennett C. Petersen (DOB 9/7/88), and Andrew C. Petersen (DOB 11/10/92).
 {¶ 3} Wife graduated from Bowling Green University with a Bachelor of Science in Elementary Education in 1974. Upon graduation, wife worked as a transportation agent for Northwest Airlines. Wife never worked as a teacher. Wife met husband at the workplace as husband was, and is, a pilot for Northwest Airlines. Husband and wife began an intimate relationship in 1981, and were married in 1988, after the birth of their first son. In 1992, the same year during which wife gave birth to the parties' second child, husband began a relationship with Karen Randolph, also a Northwest Airlines employee. Wife learned of the affair in 1997, after receiving a telephone call from Randolph. The parties made an effort to keep the marriage intact, however, husband had, unbeknownst to wife, continued the affair. Husband moved out of the marital home in 2001. Following husband's departure, wife discovered husband had spent approximately $30,000 in pursuit of his relationship with Randolph.
 {¶ 4} On July 13, 2001, wife filed a Complaint for Divorce in the Ashland County Court of Common Pleas, Domestic Relations Division. The magistrate issued temporary orders, requiring husband to pay child support and spousal support.
 {¶ 5} The matter came on for final hearing before the magistrate on January 20, 2002, and March 26, 2002. The magistrate filed his Decision on August 19, 2002, and an Amended Decision on August 27, 2002. The parties filed respective objections. Via Decision and Judgment Entry filed November 22, 2002, the trial court calculated the child support obligation using an annual gross income figure of $216,360 for husband, and imputing an annual income of $28,100 to wife.[1] The trial court designated wife as the residential parent of the children. Although the trial court did not adopt husband's shared parenting plan, the trial court did grant husband extensive parenting time.
 {¶ 6} It is from this judgment entry wife appeals, raising the following assignments of error:
 {¶ 7} "I. THE TRIAL COURT ERRED WHEN IT COMPUTED CHILD SUPPORT USING IMPROPER INCOME AMOUNTS FOR BOTH PARTIES.
 {¶ 8} "II. THE TRIAL COURT ERRED WHEN IT COMPUTED CHILD SUPPORT AT A COMBINED INCOME LEVEL OF $150,000 WHEN EVIDENCE PRESENTED AT TRIAL CLEARLY DEMONSTRATED THAT SUCH AN ORDER WOULD BE UNJUST AND INAPPROPRIATE.
 {¶ 9} "III. THE TRIAL COURT ERRED IN BOTH THE AMOUNT AND DURATION OF SPOUSAL SUPPORT WHICH IT AWARDED TO PLAINTIFF-APPELLANT.
 {¶ 10} "IV. THE TRIAL COURT ERRED WHEN IT FAILED TO FIND THAT DEFENDANT-APPELLEE COMMITTED FINANCIAL MISCONDUCT DURING THE MARRIAGE, AND FAILED TO COMPENSATE PLAINTIFF-APPELLANT FOR THE MISCONDUCT.
 {¶ 11} "V. THE TRIAL COURT ERRED WHEN IT FAILED TO ALLOW THE EXPERT TESTIMONY OF A CERTIFIED DIVORCE PLANNER CALLED TO TESTIFY BY PLAINTIFF-APPELLANT.
 {¶ 12} "VI. THE TRIAL COURT ERRED WHEN IT ORDERED AN EQUAL DIVISION OF PARENTING TIME BETWEEN THE PARTIES AFTER EXPRESSLY REJECTING THAT PROPOSAL IN ITS FINDINGS OF FACT."
 I {¶ 13} In her first assignment of error, wife contends the trial court abused its discretion in computing the child support obligation because it used improper income figures for the parties. Specifically, wife maintains the $216,360 figure the trial court determined to be husband's gross annual income, and the $28,100, which represents the median income for an elementary school teacher in Ohio, and which the trial court imputed to her, were not supported by the evidence.
 {¶ 14} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279.
 {¶ 15} After reviewing the transcript and the record in this matter, we find there was some competent, credible evidence to support the trial court's determining husband's annual gross income to be $216,360. The record reveals husband works on a reserve status, which guarantees him a 75-hour pay each month. Husband testified he seldom works more than 75 hours per month. Husband earns approximately $240/hour. Multiplying these numbers, one arrives at a figure of $216,000. Accordingly, we cannot say the trial court's decision to set husband's gross annual income at $216,360 was against the manifest weight of the evidence. Wife's assignment of error is overruled as to this issue.
 {¶ 16} We now turn to wife's argument the trial court abused its discretion in imputing an annual income of $28,100 to her.
 {¶ 17} Pursuant to R.C. 3113.215, a trial court may consider "potential income" when calculating the amount of a child support obligation. R.C. 3113.215(A) provides, in pertinent part: "(5) `Potential income' means * * * the following for a parent that the court * * * determines is voluntarily unemployed or voluntarily underemployed: (a) Imputed income that the court * * * determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community which the parent resides;* * *"
 {¶ 18} The trial court ordered wife to submit to an interview with a vocational expert to determine her income potential. Rod W. Durgin, PhD., a vocational counselor and economics specialist, interviewed wife and testified at trial. Durgin testified wife could obtain her teaching recertification by completing twelve semester hours of coursework. During her interview with Durgin, wife indicated teaching was a career possibility for her. According to Durgin, an entry level teacher in Ohio could expect to earn between $24,000 and $25,000 annually. He stated the median income for an elementary school teacher in Ohio was $28,100/year. Wife submits R.C. 3119.01(C) requires the trial court to base its finding of imputed income upon evidence "of the prevailing wage and salary levels in the geographic area in which the parent resides." Durgin did not provide specific data for the particular region of Ohio in which wife would seek employment. While this Court agrees with wife data from a smaller geographic area would have been beneficial, we find the trial court's decision to allow the use of statewide averages was not an abuse of discretion in the absence of wife's presentation of rebuttal evidence, and the trial court did not err in relying on such evidence. However, we find the trial court's use of the median income figure rather than an entry level salary figure is not supported by the evidence.
 {¶ 19} Accordingly, we sustain this portion of wife's first assignment of error, and remand this matter for the trial court to recalculate the child support obligation using the entry level teacher's salary figure for wife.
 II {¶ 20} In her second assignment of error, wife submits the trial court erred in using a combined income amount of $150,000 when it computed husband's child support obligation. Wife explains, although the guideline stops at the $150,000 income level, that figure is not a cap in situations in which the parties' combined income level exceeds $150,000. We agree.
 {¶ 21} It appears the trial court found the $150,000 combined income figure is a cap when calculating a child support obligation, particularly after the trial court determined the parties had a combined income in excess of that amount.
 {¶ 22} In Bryant v. Bryant (Jan. 28, 1999), Coshocton App. Nos. 97CA8, 98CA1, unreported, this Court reviewed a child support order in which the trial court determined the parties had a combined income in excess of $1,000,000. Although this Court found error in the trial court's preparation of the child support worksheet due to the trial court's use of incorrect income amounts for the parties, we found no error in the trial court's computation of a child support obligation based upon a combined income in excess of $150,000. We do not interpret R.C. 3119.04(B) to require the trial court to cap the parties combined income at $150,000 for purposes of determining child support. Deasey v.Deasey (June 27, 2003), Delaware App. No. 02-44, unreported. Accordingly, we find the trial court's calculating husband's child support obligation at the combined income level of $150,000 was erroneous. Upon remand, when the trial court refigures the parties' incomes, the trial court is ordered to use their actual combine income amount in computing the child support. We note the statute allows the trial court to deviate from this amount if it finds the award would be unjust, inappropriate, and not in the best interest of the children. The statute recognizes child support in these high income cases shall be determined on a case-by-case basis and shall take into consideration the needs and standards of living of the children. The statute further provides child support based upon a combined income figure of $150,000.00 would be the minimum amount unless the court determines that amount to be unjust or inappropriate and would not be in the best interest of the child.
 {¶ 23} Wife's second assignment of error is sustained.
 III {¶ 24} In her third assignment of error, wife challenges the amount and duration of the spousal support award.
 {¶ 25} As a general matter, we review the overall appropriateness of the trial court's award of spousal support under an abuse of discretion standard. Cherry v. Cherry (1981), 66 Ohio St.2d 348. However, R.C. 3105.18(C)(1) mandates the trial court consider certain factors in making its determination of spousal support. We find our review of the trial court's findings regarding these factors presents a factual analysis, and the trial court's findings must be supported by sufficient, credible evidence. After the trial court has considered the factors, the actual determination of whether or not to award spousal support, as well as the amount and duration of the spousal support award, must be properly reviewed under the more deferential abuse of discretion standard.
 {¶ 26} Pursuant to R.C. 3105.18(C)(1), the trial court must consider certain factors in making determinations of spousal support: A(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 27} "(a) The income of the parties, from all sources* * *;
 {¶ 28} "(b) The relative earning abilities of the parties;
 {¶ 29} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 30} "(d) The retirement benefits of the parties;
 {¶ 31} "(e) The duration of the marriage;
 {¶ 32} "(f) The extent to which it would be inappropriate for a party, because he will be custodial of a minor child of the marriage, to seek employment outside the home;
 {¶ 33} "(g) The standard of living of the parties established during the marriage;
 {¶ 34} "(h) The relative extent of education of the parties;
 {¶ 35} "(I) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 36} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 37} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 38} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 39} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 40} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 41} Further, the trial court is governed by the standards and guidelines imposed by the Ohio Supreme Court in Kunkle v. Kunkle (1990),51 Ohio St.3d 64, paragraph one of the syllabus, which reads: "Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities."
 {¶ 42} The evidence reveals wife has a bachelor's degree in education. Based upon the testimony of the vocational expert, wife was capable of earning an entry level salary of $24,000 to $25,000/year. Prior to securing employment as a teacher, wife would need to obtain recertification, which would require coursework totaling twelve credit hours. In the meantime, wife could work as a substitute teacher. Because wife had the opportunity to develop meaningful employment outside the home and has the ability to be self-supporting, we find the trial court did not abuse its discretion in ordering the spousal support it awarded.
 {¶ 43} Wife's third assignment of error is overruled.
 IV {¶ 44} In her fourth assignment of error, wife contends the trial court erred in failing to find husband had committed financial misconduct during the marriage, and in failing to compensate wife for such misconduct.
 {¶ 45} R.C. 3105.171 provides, in pertinent part: "* * * (C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors * * * (E)(3) If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property."
 {¶ 46} As the inclusion of the term "may" in R.C. 3105.171(E)(3) indicates, the decision regarding whether to compensate a party for the financial misconduct of the opposing party is discretionary with the trial court. Leister v. Leister (Oct. 23, 1998), Delaware App. No. 97CA-F-07027, unreported.
 {¶ 47} Although the trial court acknowledged husband's "discretionary expenditures in pursuit of his extra-marital affair," the court found those expenditures did not have a significant impact on the parties' marital standard of living or husband's ability to repay any debt incurred thereby. The trial court concluded a distributive award was not appropriate, but, nonetheless, "adjusted the division of marital property and debt * * * to allocate a greater share of marital property to [wife]. No further distributive share is necessary in the present case." The trial court awarded wife approximately $23,000 more worth of marital assets. Upon review of the record, we find the trial court did not abuse its discretion in failing to explicitly find husband engaged in financial misconduct. Although wife did not receive an award expressly designated as a "distributive award," she was, nevertheless, compensated therefore in the trial court's division of the marital assets.
 {¶ 48} Wife's fourth assignment of error is overruled.
 V {¶ 49} In her fifth assignment of error, wife asserts the trial court abused its discretion in excluding the opinion of a certified divorce planner.
 {¶ 50} It is axiomatic that the admission or exclusion of evidence is generally within the sound discretion of trial court, and a reviewing court may reverse only upon a showing of an abuse of that discretion. Renfro v. Black (1990), 52 Ohio St.3d 27, 32.
 {¶ 51} Wife called William Ditty, a CPA and certified divorce planner to testify as an expert witness. Ditty explained a certified divorce planner is an individual trained in the issues associated with divorce, which includes analyzing the impact of certain financial scenarios upon the parties. The trial court sustained husband's objections to Ditty's testimony, finding the testimony speculative and not relevant. The trial court permitted wife to proffer Ditty's testimony relative to his analysis of wife's financial outlook under four hypothetical scenarios.
 {¶ 52} We have reviewed Ditty's testimony and find it to be speculative at best. Ditty's opinions were the result of assumptions based upon assumptions. We find the trial court did not abuse its discretion in excluding such evidence.
 {¶ 53} Wife's fifth assignment of error is overruled.
 VI {¶ 54} In her final assignment of error, wife challenges the trial court's order relative to husband's parenting time. Wife maintains the trial court contradicted itself when it refused to adopt husband's shared parenting plan, but granted husband 50% parenting time.
 {¶ 55} A trial court has broad discretion in determining issues to related to child custody. Davis v. Flickinger (1997), 77 Ohio St.3d 415,421.
 {¶ 56} In the instant action, father submitted a proposed shared parenting plan which provided the children spent alternating weeks with each parent. The trial court expressed concern "about the frequency of movement required where [wife] has indicated an intention to move to Wellington, Ohio." Findings of Fact at 8. The trial court noted the children would be living in a different school district thus requiring significant transportation. Although the trial court noted the testimony regarding husband's absence from a number of family activities over the past year, it found the evidence support liberalized parenting time. The trial court fashioned parenting time to permit husband to be with the children on alternating weekends and two additional overnights during the week. During summer vacation, husband was granted five weeks of parenting time. The trial court noted husband would forfeit his time if his job duties interfered. Upon review, we find the trial court's liberalized parenting plan does not constitute an abuse of discretion.
 {¶ 57} Wife's sixth assignment of error is overruled.
 {¶ 58} The judgment of the Ashland County Court of Common Pleas, Domestic Relations Division, is affirmed in part, and reversed in part and the matter remanded for further proceedings consistent with our opinion and the law.
By: Hoffman, P.J., Farmer, J., and Edwards, J., concur.
[1] This figure represents the median salary for an elementary education teacher in Ohio.