OPINION
{¶ 1} Defendant-appellant Paul H. Comer appeals the August 3, 2005 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, ordering appellant to pay spousal support to plaintiff-appellee Pauline Comer.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were married on June 26, 1971. All of the children born of the marriage are now emancipated. Appellee did not work outside of the home, except for a few years prior to the birth of her first child. For the past 27 years, appellant has worked as a mail carrier, earning $22.42 per hour, plus overtime. Appellant also receives $106 per month in Veterans Administration benefits. Since January of 2005, appellee has worked as a housekeeper at the Grandview Inn, and earns $7.50 per hour, working 36 hours per week. She is eligible for health benefits at a cost of $93.00 per month.
 {¶ 3} Appellant filed for divorce on September 24, 2004. Via Judgment Entry of August 3, 2005, the trial court ordered appellant pay appellee spousal support in the amount of $1000.000 per month for a duration of 144 months. The trial court retained jurisdiction to modify the order in the best interest of either party.
 {¶ 4} Appellant now assigns as his sole error:
 {¶ 5} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND/OR ERRED AS A MATTER OF LAW IN AWARDING SPOUSAL SUPPORT AND IN FIXING THE AMOUNT AND DURATION OF SPOUSAL SUPPORT."
 {¶ 6} Appellant argues the trial court's spousal support award constitutes an abuse of discretion and/or error as a matter of law.
 {¶ 7} A trial court is given discretion in awarding spousal support. Appellate review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard.Cherry v. Cherry (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 8} R.C. Section 3105.18 states, in pertinent part:
 {¶ 9} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 10} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 11} "(b) The relative earning abilities of the parties;
 {¶ 12} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 13} "(d) The retirement benefits of the parties;
 {¶ 14} "(e) The duration of the marriage;
 {¶ 15} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 16} "(g) The standard of living of the parties established during the marriage;
 {¶ 17} "(h) The relative extent of education of the parties;
 {¶ 18} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 19} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 20} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 21} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 22} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 23} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 24} R.C. § 3105.18.
 {¶ 25} The trial court's August 3, 2005 Judgment Entry orders:
 {¶ 26} "Defendant shall pay $1,000.00 as and for spousal support commencing August 1, 2005 and continuing for a period of 144 months by wage withholding through the Child Support Enforcement Agency subject to the death of either party. The Court does reserve jurisdiction to affect this Order in the best interest of either party."
 {¶ 27} Failure to acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C)(1) does not necessarily mean the evidence was not considered. Barron v.Barron (February 10, 2003), Stark App. No. 2002CA00239, 2003-Ohio-649. While a reviewing court will presume the trial court has considered the factors listed in R.C. 3105.18 and all other relevant factors, to ensure the fullest possible review by an appellate court, a party may request the trial judge make findings of fact and conclusions of law pursuant to Civ.R. 52.Cherry v. Cherry (1981), 66 Ohio St.2d 348.
 {¶ 28} Upon review of the record, we do not find the trial court was unreasonable, arbitrary or unconscionable in determining the amount or duration of the spousal support award. Furthermore, the trial court specifically retained jurisdiction to modify the spousal support order in the future according to the best interest of either party.
 {¶ 29} Appellant's sole assignment of error is overruled, and the August 3, 2005 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.
By: Hoffman, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.