[Cite as *Johnson v. Johnson*, 2016-Ohio-4787.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BRIAN J. JOHNSON | JUDGES:<br>Hon. Sheila G. Farmer, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellant | |
| -vs- | Case No. 15CA80 |
| LIISA M. JOHNSON | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Richland County Domestic
                                 Relations Court, Case No. 2013LES0249

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          June 30, 2016

APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee

CHARLES D. LYNCH                           CATHERINE D. GOLDMAN
Kademenos, Wisehart,                       Weldon, Huston & Keyser, L.L.P.
Hines & Lynch Co., L.P.A.                  76 North Mulberry Street
Six West Third Street, Suite 200           Mansfield, Ohio 44902
Mansfield, Ohio 44902-1200

*Hoffman, J.*

{¶1}   Appellant Brian J. Johnson ("Husband") appeals the August 14, 2015 Judgment Entry/Decree of Divorce entered by the Richland County Court of Common Pleas, Domestic Relations Division.  Plaintiff-appellee is Liisa M. Johnson ("Wife").

STATEMENT OF THE CASE AND FACTS

{¶2}   Husband and Wife were married on July 27, 1991.  Five children were born as issue of the union, and two other children were adopted by the parties in September, 2011.  Two of the children were emancipated prior to the filing of the instant action, and another became emancipated during the pendency.  Four children remain dependent.

{¶3}   On March 11, 2013, Wife filed a Complaint for Legal Separation in the Richland County Court of Common Pleas, Domestic Relations Division.  Husband filed a Counterclaim for Divorce on March 26, 2013.  The trial court issued temporary orders on April 2, 2013.  Pursuant thereto, Husband was ordered to pay, inter alia, the mortgage, taxes, insurance, and maintenance associated with the marital residence and any expenses relative to Vision Properties, a partnership owned by the parties which holds three rental properties, including a debt to Richland Bank.  Husband was also ordered to pay child support in the amount of $1,391.25/month plus processing fees for five children. In addition, the temporary orders prohibited Husband from giving money to or paying the personal expenses of Sherri Walker, aka Love.

{¶4}   The parties entered into the Agreement – Divorce Case dated June 23, 2014. Pursuant to this agreement, as well as a subsequent agreement dated November 21, 2014, the parties resolved all issues as to jurisdiction, venue, custody, and parenting time.

{¶5} The trial court scheduled the final hearing for November 14, 2014. Between November 12 and 13, 2014, the parties entered into a number of additional stipulations, resulting in Revised Stipulations dated November 13, 2014, and Agreement dated November 13, 2014. Pursuant to the Revised Stipulations dated November 13, 2014, two rental properties owned by Vision Properties were awarded to Husband, and the liabilities associated with Vision Properties as well as Slater Run Development, a business in which the parties had a 25% ownership interest, were allocated to him.[1] After the parties put the stipulations and agreement on the record, the final hearing began. The hearing concluded on November 21, 2014, subject to the parties filing their respective written closing arguments within 21 days.

{¶6} On December 29, 2014, after written closing arguments were filed, the trial court held a conference with counsel for the parties. The trial court requested counsel speak with their clients about obtaining a survey of the marital residence and two surrounding acres as evidence of such had not been presented at the final hearing. As of a February 17, 2015 status conference, the survey had not been completed. Again, the trial court held a conference with counsel and learned the parties were unable to agree to a survey.

{¶7} Wife filed a motion to show cause and motion to reopen on March 31, 2015. The trial court held a status conference on April 8, 2015. The trial court instructed Wife to file a memorandum in support of her motion to reopen on or before April 17, 2015, and ordered Husband to file any response by the same date. In her motion to reopen and

---

[1] Other marital assets were awarded to Husband and other debts were allocated to him, however, such are not relevant to this Appeal.

memorandum in support thereof, Wife argued Husband's financial misconduct and contempt of the temporary orders had resulted in multiple legal actions against the parties, a substantial change in the character and value of the parties' assets, as well as the liabilities. Wife indicated a complaint for foreclosure was filed against the parties on January 21, 2015. The complaint sought to foreclose against the parties' marital residence and two investment properties for delinquent real estate taxes. Because the marital residence and the two investment properties were collateral on a promissory note to Richland Bank, the commencement of the foreclosure proceeding constituted a default on the Richland Bank loan. Accordingly, Richland Bank filed a complaint for cognovit judgment and money damages on February 17, 2015. A judgment was entered against the parties and Vision Properties, and a certificate of judgment against all of the parties' real property was issued.

{¶8} Via Judgment Entry filed April 27, 2015, the trial court overruled in part, and sustained in part Wife's motion to reopen. The trial court found "the filing of the Complaints and the Certificate of Judgment is new evidence* * * [and] is material and will probably change the result of the final hearing." *Id.* at 8. The trial court scheduled a limited evidentiary hearing for June 4, 2015, and a show cause hearing for June 8, 2015.

{¶9} On June 8, 2015, the parties agreed Husband would repay Wife the monies she paid to satisfy the Richland County real estate tax deficiency which was approximately $14,773.60, and the repayment would be paid from the first sums payable to Husband from whatever property he was awarded in the proceedings. The parties further agreed Husband would pay any Ashland County real estate tax deficiency from the first sums payable to him from the property awarded to him in the proceedings.

{¶10} On June 22, 2015, the trial court issued a Judgment Entry, dismissing Wife's motion for contempt without prejudice, and granting Husband a divorce from Wife. The trial court also allocated the marital assets and liabilities, issued an order of child support, and awarded spousal support and attorney fees. The trial court found "the most equitable division of the real property is made by selling the property". The trial court set forth the division of the proceeds and ordered the debts allocated to each party be paid therefrom. On August 14, 2015, the trial court issued its Judgment Entry/Decree of Divorce, incorporating the June 22, 2015 Judgment Entry.

{¶11} It is from this judgment entry Husband appeals, raising the following assignments of error:

{¶12} "I. THE TRAIL COURT ERRED IN REQUIRING HUSBAND TO PAY CERTAIN DEBTS OF THE PARTIES FROM HIS SHARE OF THE PROCEEDS FROM THE SALE OF THE MARITAL RESIDENCE, WHICH RESULTS IN AN UNEQUAL DIVISION OF MARITAL ASSETS CONTRARY TO R.C. 2105.171(C).

{¶13} "II. THE TRIAL COURT ERRED IN ORDERING THAT ANY DIMINISHMENT IN VALUE RESULTING FROM A FORCED SALE OF THE RESIDENCE SHALL BE CHARGED AGAINST HUSBAND'S SHARE OF THE MARITAL PROPERTY WHICH RESULTS IN AN UNEQUAL DIVISION OF MARITAL ASSETS CONTRARY TO R.C. 2105.171(C).

{¶14} "III. THE TRIAL COURT ERRED IN ORDERING THAT ANY PENALTIES, INTEREST, ATTORNEY'S FEES AND COSTS INCURRED ON THE RICHLAND BANK JUDGMENT AGAINST THE PARTIES SHALL BE CHARGED AGAINST AND PAID

FROM HUSBAND'S AWARD OF MARITAL PROPERTY WHICH RESULTS IN AN UNEQUAL DIVISION OF MARITAL ASSETS CONTRARY TO R.C. 2105.171(C).

{¶15} "IV. THE TRIAL COURT ERRED IN ORDERING THAT IN THE EVENT OF A FORCED SALE OF THE MARITAL RESIDENCE, WIFE'S AWARD OF MARITAL PROPERTY REALIZED FROM THE SALE WHICH RESULTS IN AN UNEQUAL DIVISION OF MARITAL ASSETS CONTRARY TO R.C. 2105.171(C)."

II, IV

{¶16} At Oral Arguments in this matter, Husband withdrew his second and fourth assignments of error. Accordingly, we need not address those assignments.

I

{¶17} In his first assignment of error, Husband contends the trial court erred in requiring him to pay certain marital debts from his share of the proceeds from the sale of the marital residence. Husband submits this order results in an unequal division of marital assets contrary to R.C. 3105.171(C).

{¶18} An appellate court reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. *Cherry v. Cherry,* 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶19} R.C. 3105.171(C)(1) states, "Except as provided in this division * * * the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall

divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."

{¶20} In Table II of the June 22, 2015 Judgment Entry, the trial court allocated the marital assets and liabilities to the parties with the exception of the marital residence. The trial court noted it divided "the marital property equally between the parties as set forth [in Table II] and finds the division of the property to be equitable. June 22, 2015 Judgment Entry at 17.

{¶21} With respect to the marital residence, the trial court stated: "The Court has very carefully considered the division of the real property located at 7073 Armstrong Road. Having considered all factors set forth in O.R.C. section 3105.171, the stipulations of the parties, the Complaint for Foreclosure, the Judgments against the parties and Vision Properties, and the Certificate of Judgment, the Court finds that the most equitable division of the real estate is made by selling the property * * * and dividing the proceeds therefrom as follows. The gross proceeds from the sale of the real estate shall be first divided evenly between the parties. One-half of the gross proceeds shall be allocated to each party. From [Wife's] share shall be paid one-half of any real estate commissions, one-half of the normal and customary costs of sale, and all of the debt due to Farm Credit in the amount of approximately $78,880. From [Husband's] share shall be paid one-half of any real estate commissions, one-half of the normal and customary costs of sale, and all of the debt due on the Richland Bank Line of Credit in the amount of approximately $97,269, and all of the debt due to Richland Bank related to Vision Properties in the amount of approximately $121, 565. [Wife] shall retain the balance of the gross proceeds

allocated to her. [Husband] shall retain the balance of the gross proceeds allocated to him." *Id.* at 17-18. The trial court also ordered "any diminishment in value resulting from a forced sale shall be charged against [Husband's] share of the marital property. He shall bear the risk of any diminishment in value from a forced sale." *Id.* at 24.

{¶22} The debts the trial court ordered Husband to pay from the proceeds of the sale of the marital residence were debts the trial court had allocated to Husband in Table II. Contrary to Husband's assertions, the trial court's order with respect to the marital residence did not burden him with additional debt.[2] The trial court's order directed the parties to apply their respective proceeds from the sale of the marital residence to the payment of marital liabilities otherwise allocated to each of them. We find this provision effectuates the division of property and allocation of debt, which the trial court found to be equal and equitable. Accordingly, we find the trial court did not abuse its discretion in ordering such a property division.

{¶23} Husband's first assignment of error is overruled.

III

{¶24} In his third assignment of error, Husband argues the trial court erred in ordering any penalties, interest, attorney fees, and costs incurred on the Richland Bank judgment be paid from Husband's award of marital property award of marital property. Husband maintains the order results in an unequal division of martial assets contrary to R.C. 3105.171(C).

---

[2] We also note Husband conceded at oral arguments his calculations may not have been correct.

**{¶25}** Pursuant to R.C. 3105.73(A), a court may award all or part of reasonable attorney fees and litigation expenses to either party if the court finds the award equitable. In determining whether such an award is equitable, "the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate." R.C. 3105.73(B); *Mlakar v. Mlakar,* 8th Dist. No. 98194, 2013–Ohio–100.

**{¶26}** Pursuant to the temporary orders issued on April 2, 2013, Husband was ordered to pay the mortgage, taxes, insurance, and maintenance associated with the marital residence and any expenses relative to Vision Properties. The parties stipulated the last real estate tax payment was made on July 20, 2012, and Husband had failed to pay any taxes during the pendency of the action. On January 20, 2015, due to Husband's failure to pay the taxes, the Richland County Treasurer filed a complaint seeking to foreclose on the marital residence as well as two investment properties held by Vision Properties.

**{¶27}** The two investment properties were listed as collateral on a promissory note to Richland Bank in the name of Vision Properties and personally guaranteed by the parties. The martial residence was listed as collateral on a second promissory note to Richland Bank in the parties' personal names. Both notes included provisions "the commencement of foreclosure or forfeiture proceedings. . . by any government agency against any collateral securing the loan" shall constitute an event of default. As a result of the Richland County Treasurer's foreclosure action, Richland Bank filed a complaint for cognovit judgment and money damages on February 17, 2015. Cognovit Judgment was entered against the parties and Vision Properties on February 18, 2015.

**{¶28}** We find the trial court did not abuse its discretion in ordering Husband to pay any penalties, interest, attorney fees, and costs incurred on the Richland Bank judgment. Husband disregarded the trial court's temporary orders. The legal action taken against the parties was the consequence of Husband's actions, not Wife's actions.

**{¶29}** Husband's third assignment of error is overruled.

**{¶30}** The judgment of the Richland County Court of Common Pleas, Domestic Relations Division, is affirmed.


By: Hoffman, J.

Farmer, P.J. and

Wise, J. concur