KUHN, APPELLANT, v. KUHN, N.K.A. COTTLE, APPELLEE.

[Cite as *Kuhn v. Kuhn*, 143 Ohio St.3d 457, 2015-Ohio-2806.]

(No. 2014–0601—Submitted May 5, 2015—Decided July 14, 2015.)

{¶ 1} The cause is dismissed, sua sponte, as having been improvidently accepted.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, and O'NEILL, JJ., concur.

KENNEDY, J., dissents.

FRENCH, J., dissents without opinion. .

KENNEDY, J., dissenting.

{¶ 1} Respectfully, I dissent from the decision to dismiss this case as having been improvidently accepted. Doing so leaves unanswered important questions about classifying property upon divorce. I would retain jurisdiction and address appellant James Kuhn's four proposition of law:

> I. Pursuant to Ohio Revised Code Sections 3105.171(A)(4) and 3105.171(A)(6)(a)(iii) passive appreciation and income is [sic] not marital property subject to division by the parties.
>
> II. Where one spouse owns real property in an area experiencing a high volume of oil and gas exploration and leasing, the acquisition and execution of a lease by the property owner is [sic] not the result of contribution of labor, money or in-kind contribution such that any income generated from said lease could be considered "active income" pursuant to Ohio Revised Code Section 3105.171 but is instead "passive income" generated from the separate property and therefore is not subject to division between the spouses in an action for divorce.
>
> III. The signature of a spouse upon a document regarding real estate, which signature is procured solely for the purpose of acknowledging the spouse's dower interest does not create in the non-owner spouse an ownership interest in the subject real estate or any proceeds and/or benefits obtained from said real estate.
>
> IV. Where no abuse of discretion is shown, a reviewing court may not modify or reverse a trial court's decision regarding property division.

{¶ 2} At issue here is the classification of a $121,285 signing bonus that Gulfport Energy Corporation issued to James Kuhn and appellee, Kelly Kuhn, n.k.a. Cottle, after they and Gulfport Energy agreed to lease oil and gas rights on property owned solely by James. James filed for divorce, and classification of the bonus was contested. The trial court determined that the signing bonus was James's separate, nonmarital property. Kelly appealed. After invoking mani-fest-weight-of-the-evidence review, the lead appellate opinion found that the $121,285 signing bonus was marital property. 2014-Ohio-126, 2014 WL 198415, ¶ 27. That conclusion, which was joined by one judge in judgment only, was reached without any discussion of the findings of the trial court or its classifica-tion of the lease, the signing bonus, and the future royalties as passive apprecia-tion of the mineral rights owned by James before the marriage.

{¶ 3} I would adopt James's first, second, and fourth propositions of law. Marital property subject to division in a divorce proceeding includes "all income

and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage." R.C. 3105.171(A)(3)(a)(iii). Marital property does not include separate property. R.C. 3105.171(A)(4). Separate property is defined in R.C. 3105.171(A)(6)(a) as follows:

> [A]ll real and personal property and any interest in real or personal property that is found by the court to be any of the following:
>
> * * *
>
> (iii) Passive income and appreciation acquired from separate property by one spouse during the marriage.

{¶ 4} Because proposition of law I correctly summarizes R.C. 3105.171(A)(3), (4), and (6), I would adopt it. Regarding proposition of law II, after a hearing in which Kelly presented evidence that she helped effectuate the bonus, the magistrate classified the signing bonus as "passive appreciation of the mineral rights owned by [James] prior to the marriage" and therefore his separate property under the statutes. The judge agreed after independent consideration, and the record supports the judgment. The proposition states a straightforward application of R.C. 3105.171's characterization of "separate property," and therefore, I would also adopt this proposition. Proposition of law III asks us to consider a company's motive (extinguishing a dower interest) in procuring a spouse's signature on a document when classifying the value of the asset that document generated, like the signing bonus here. Because under the statute the motive is irrelevant, I would reject this proposition of law.

{¶ 5} Finally, I would adopt the fourth proposition of law and develop it fully. The Revised Code gives guidance on the classification of property in divorce but leaves much room for judges to make case-by-case determinations on whether property is separate or marital. The standard for appellate review is abuse of discretion. *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981), paragraph two of the syllabus. "[T]rial courts are vested with broad powers in determining the appropriate scope of property awards in divorce actions." *Berish v. Berish*, 69 Ohio St.2d 318, 319, 432 N.E.2d 183 (1982). "If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion." *Middendorf v. Middendorf*, 82 Ohio St.3d 397, 401, 696 N.E.2d 575 (1998), citing *Ross v. Ross*, 64 Ohio St.2d 203, 414 N.E.2d 426 (1980). Here, the lead opinion of the court of appeals reviewed the trial court's decision under a manifest-weight-of-the-evidence standard of review rather than the abuse-of-discretion standard. This was error.

{¶ 6} For the aforementioned reasons, I would maintain jurisdiction and reverse the judgment of the court of appeals.

_____

Tribbie, Scott, Plummer & Padden and Stephanie L. Mitchell, for appellant.

Towne, Evanchan, Palmisano & Hobson, L.L.C., Robert Roe Fox, and Leiby Hanna Rasnick, for appellee.