[Cite as *Flores v. Flores*, 2021-Ohio-3965.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| MALISA FLORES, | : | CASE NO. CA2021-01-009 |
| Appellant, | : | O P I N I O N<br>11/8/2021 |
|  | : |  |
| - vs - | : |  |
|  | : |  |
| OCTAVIO FLORES, | : |  |
| Appellee. | : |  |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 19DR041156

Alexander, Wagner & Kinman, and Christopher M. Alexander, for appellant.

Joseph Candito, for appellee.

**M. POWELL, P.J.**

{¶ 1}   Appellant, Malisa Flores ("Wife"), appeals a divorce decree from the Warren County Court of Common Pleas, Domestic Relations Division.

{¶ 2}   Appellee, Octavio Flores ("Husband"), and Wife were divorced on December 31, 2020.  The divorce decree allocated marital property between the parties, including unexercised stock options Husband had received in 2016, 2017, and 2018 as an executive

employee at Proctor & Gamble Company. Husband's testimony at trial indicates that the stock options are nontransferable and may only be exercised by Husband between three years and ten years after they are granted.

{¶ 3} In allocating the unexercised stock options, the divorce decree provided, "Husband shall exercise the options at a time when in good faith he believes is most prudent to maximize the gain from the stock options. He shall notify Wife at least (14) days before his intention to do so. Upon sale, he shall pay to Wife one-half the net within three days of receipt together with documentation confirming the calculation of Wife's one-half." The divorce decree further provided that Wife was "responsible for any tax liability and/or transaction fees incurred as a result of Husband's exercise of the options on Wife's behalf, and at her directions."

{¶ 4} Wife appeals the trial court's allocation of the unexercised marital stock options, raising one assignment of error:

{¶ 5} THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING HUSBAND TO SOLELY DETERMINE WHEN TO EXERCISE MARITAL STOCK OPTIONS.

{¶ 6} Wife argues the trial court abused its discretion by giving Husband sole and complete control over when to exercise the marital stock options.

{¶ 7} Trial courts are vested with broad powers in determining the appropriate scope of property awards in divorce actions. *See Kuhn v. Kuhn*, 143 Ohio St.3d 457, 2015-Ohio-2806. A reviewing court may modify or reverse a property division only if it finds the trial court abused its discretion in doing so. *See Wolf v. Wolf*, 12th Dist. Preble No. CA2009-01-001, 2009-Ohio-3687. The trial court ordered Husband to exercise the marital stock options "when in good faith he believes is most prudent to maximize the gain from the stock options." We review the trial court's "good faith" stock options-exercising order under an abuse of discretion standard.

{¶ 8}   A stock option may be defined as the right to buy a designated stock at any time within a specified period at a determinable price if the holder of the option chooses. *Fox v. Fox*, 10th Dist. Franklin No. 01AP-83, 2002-Ohio-2010, ¶ 76; *Banning v. Banning*, 2d Dist. Greene No. 95 CA79, 1996 Ohio App. LEXIS 2693, *14 (June 28, 1996).

{¶ 9}   Allocating nontransferable stock options in a property division is difficult in nature. *Banning* at *17.  Methods used by courts in doing so include the following: valuing the options at the time of the divorce trial and having the option-holder spouse pay the other spouse his or her share of the value in cash; using the "if and when" method in which the trial court orders the option-holder spouse to pay the other spouse his or her share at the time the stock options are exercised; and establishing a constructive trust for the benefit of the non-employee spouse over that spouse's share of the options.  *Id.* at *17-18.   The "if and when" methods "have been praised because they avoid coercing the option-holder into exercising the options at a time that he or she would not have chosen to do so.  They also have been complimented because they assign equally the risk that the exercise of the options may not be profitable and the benefit if they are lucrative."  *Id.* at *18.

{¶ 10} Valuing stock options is also difficult by nature.  *Murray v. Murray*, 128 Ohio App.3d 662, 674 (12th Dist.1999).  "When valuing stock options, both the stock value and the grant price for each stock option must be considered, along with other complicating factors."  1 Anderson, *Ohio Domestic Relations Practice Manual*, Section 4.14 (2020).  One complicating factor is that stock options typically cannot be transferred from one spouse to another.  *Id.* "Thus, even if a non-employee spouse is to receive stock options in a property division, other provisions will need to be made in order to permit the exercise, since title must remain in the name of the employee spouse with the non-employee spouse as beneficial owner of those designated option shares."  *Id.*  Another complicating factor is the stock options' vesting schedule.  "It is not unusual for a grant of a stock option to vest over

a number of years, typically three or four, rather than vesting immediately. This means that when the option is granted there is usually a period of time that must pass before the employee spouse can exercise any portion of the options." *Id.* "Typically, the option grant expires after a period of time, creating a window of a number of years during which the options may be exercised." *Id.*

{¶ 11} "At the time of its grant, the [stock] option does not have a readily ascertainable value." *Murray* at 674. A stock option has value based upon how likely the market price will rise above the exercise price in the time before the stock option expires. *Banning*, 1996 Ohio App. LEXIS 2693 at *20. Thus, the "true value of stock options lies in their future exercise. [That is], the true value of the stock option to its owner is the potential for appreciation in stock price without investment risk. If the stock price were to drop, the owner simply would not exercise the option since he could instead buy the stock more cheaply on the market." *Murray* at 674.

{¶ 12} We find that the trial court's order that Husband exercise the marital stock options "when in good faith he believes is most prudent to maximize the gain from the stock options" was not unreasonable, arbitrary, or unconscionable. As stated above, Husband's testimony indicates that the marital stock options at issue are nontransferable and may only be exercised by Husband for a seven-year period once the options vest three years after their grant. At the time of the divorce decree, the stock options Husband had received in 2016 and 2017 had already vested; the stock options he had received in 2018 were to vest by the end of February 2021. The trial court's guidelines governing Husband's exercise of the marital stock options, i.e., exercising the options in good faith and with the goal of maximizing gains, notifying Wife at least 14 days in advance of the execution, and paying Wife one-half of the net within 3 days of the execution, are reasonable. Furthermore, Husband and Wife equally share the risk that the exercise of the options may not be

profitable and the benefit if they are lucrative. That is, Husband stands to lose as much as Wife if he were to prematurely exercise the stock options, i.e., when their market value would be identical to or below the price of the options on the date they were granted to Husband. By the same token, Wife stands to gain as much as Husband when he exercises the options when their market value is higher than their grant price. Finally, the trial court's order provides a standard pursuant to which Wife may vindicate her right to enjoy her share of the stock options should Husband fail to exercise the stock options "in good faith * * * to maximize the gain." The fact that the trial court could have used other methods for dividing the unexercised nontransferable marital stock options does not make the court's decision unreasonable, arbitrary, or unconscionable.

{¶ 13} We therefore find that the trial court did not abuse its discretion by giving Husband sole and complete control over when to exercise the nontransferable marital stock options. Wife's assignment of error is overruled.

{¶ 14} Judgment affirmed.

S. POWELL and BYRNE, JJ., concur.